LON JACKSON v. STATE.

No. A-1928. Opinion Filed April 1, 1914.

(139 Pac. 704.)

1. **LIBEL AND SLANDER**—Slander of Female—Jurisdiction. County courts have jurisdiction of the offense of orally or otherwise falsely imputing to any female, married or unmarried, a want of chastity as defined in the Penal Code (section 2388), Rev. Laws 1910.

2. **APPEAL**—Verdict—Evidence. Where, upon trial for slander of a female, there was a conflict in the testimony, the verdict will not be disturbed.

*Appeal from County Court, Pontotoc County;*
*I. M. King, Judge.*

Lon Jackson was convicted of slander of a female, and appeals. Affirmed.

*C. F. Green* and *C. C. Williams,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. Upon an information duly filed by the county attorney in the county court of Pontotoc county, the plaintiff in error, Lon Jackson, was charged with a violation of section 2388 of the Penal Code (Rev. Laws 1910), which reads:

"If any person shall orally or otherwise, falsely and maliciously or falsely and wantonly impute to any female, married or unmarried, a want of chastity, he shall be deemed guilty of slander, and upon conviction shall be fined not less than twenty-five dollars nor more than five hundred dollars, or by imprisonment in the county jail not less than thirty days nor more than ninety days, or by both such fine and imprisonment."

Upon his trial, the jury found him guilty, but failed to agree on the punishment. The judgment and sentence of the court entered on the 10th day. of January, 1913, was that defendant be confined in the county jail for a term of 90 days, and pay a fine of $500.

The only question worthy of notice which the record presents is the assignment of error that: "The court erred when it overruled defendant's demurrer to the jurisdiction of the court to try said cause." In support of this assignment counsel cite section 12 of article 7 of the state Constitution, defining the jurisdiction of county courts. The clause in said section that the county court shall not have jurisdiction in actions of slander or libel has reference only to civil actions.·

It is further therein provided:

"The county court shall have jurisdiction concurrent with justices of the peace in misdemeanor cases, and exclusive jurisdiction in all misdemeanor cases of which the justices of the peace have no jurisdiction."

A misdemeanor is every crime other than those which are or may be punishable with death, or by imprisonment in the penitentiary. Penal Code, secs. 2086, 2087 (Rev. Laws 1910). Under section 2388 of the Penal Code (Rev. Laws 1910), already quoted, to impute a want of chastity to any female, married or unmarried, is made a misdemeanor.

The county court, therefore, not only had jurisdiction, but, in a county having no superior court, it had exclusive jurisdiction of this offense.

The evidence introduced on the trial justifies the verdict. We think no substantial error was committed in the case.

The judgment of the court below will therefore be affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.