## TOM COLE v. STATE.

No. A-3244.　Opinion Filed May 19, 1919.

(180 Pac. 713.)

**INDICTMENT AND INFORMATION—Intoxicating Liquors—Duplicity.**
An information charging that defendant "did willfully and intentionally manufacture certain spirituous, vinous, fermented, or malt liquors, or an imitation or substitute therefor," is bad for duplicity.

*Appeal from County Court, Bryan County;*
*Lewis Paullin, Judge.*

Tom Cole was convicted of a violation of the prohibitory liquor law, and he appeals. Reversed, with direction to sustain demurrer to information.

*Victor C. Phillips* and *Porter Newman,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   The information herein charges that:

"Tom Cole, late of Bryan county, did in Bryan county, and in the state of Oklahoma, on or about the 5th day of November, in the year of our Lord one thousand nine hundred and sixteen, commit the crime of violating the prohibitory law in the manner and form as follows:   That is to say, the defendant did in said county and state, at the date above named, unlawfully, willfully, wrongfully, and intentionally manufacture certain spirituous, vinous, fermented, or malt liquors, or an imitation or substitute therefor, with the unlawful intent on the part of the defendant then and there to violate section 3605 of the Revised Laws of Oklahoma, contrary to," etc.

A demurrer to the information on the ground of duplicity, and that the same does not state facts sufficient to constitute a public offense, was duly interposed, overruled, and exception allowed.

Upon his trial the jury returned a verdict finding "the defendant Tom Cole, guilty as charged in the information, and assessed his punishment at a fine of $300 and six months in the county jail."

From the judgment rendered on the verdict, an appeal was perfected by filing in this court on January 17, 1918, a petition in error with case-made.

The Attorney General has filed a confession of error in part as follows:

"Section 3605, Revised Laws 1910, is the statute which forbids the sale and manufacture of intoxicating liquors. The decisions of our court on the sufficiency of a charge

ror the sale of intoxicating liquors construing this stat-
ute are, of course, directly applicable to an information
charging the manufacture of such liquors. The county
attorney in this case followed and adopted the language
of the statute. The sufficiency of this information can
be easily determined by assuming such to be a charge for
selling intoxicating liquors, by substituting the world
'sell' for the word 'manufacture.' Then, in view of the
decisions of our court passing directly on this question,
we are not at liberty to consider such information suffi-
cient to charge a public offense. *Fletcher v. State,* 2 Okla.
Cr. 300, 101 Pac. 599, 23 L. R. A. (N. S.) 581; also *Unit-
ed States v. Simmons,* 96 U. S. 360, 24 L. Ed. 819; *State v.
Billups,* 63 Or. 277, 127 Pac. 686, 40 L. R. A. (N. S.) 308.
R. C. L. vol. 15, at page 385, summarizes the rule as fol-
lows: 'Since the liquor traffic is open to all in the ab-
sence of legislation on the subject, and since, therefore,
offenses committed in the conduct of the business are,
for the most part, purely statutory, prosecutions therefor
would seem to fall within the general rule that, while an
indictment for a purely statutory offense is usually suffi-
cient if it charges the offense substantially in the words
of the statute, still it must satisfy the fundamental rule
of criminal procedure that the accused must be apprised
by the indictment with reasonable certainty of the nature
of the accusation against him, to the end that he may
prepare his defense, and plead the judgment as a bar to
any subsequent prosecution for the same offense.'

"In the *Fletcher Case,* supra, this court announced
the rule of pleading an offense under this statute, in the
following language:

" '*Weston v. Territory,* 1 Okla. Cr. 407, 98 Pac. 360, re-
affirmed, and the principles there announced declared to be
the settled policy of this court.'

" 'In an indictment or information for committing a
statutory offense, the indictment or information may de-
scribe the offense in the general language of the statute;
but the description must be accompanied by a statement

of the particulars essential to constitute the crime or offense with which the defendant is charged, and acquaint the accused with what he must meet upon the trial.'

"The information in this case is fatally defective. In view of the evidence introduced at the trial, the county attorney intended to charge the defendant with the crime of manufacturing spirituous liquors by a method of distillation from some unknown substance containing alcohol as a by-product, by and through the use and operation of an apparatus or plant known as a whisky still. The charge relating to the manufacturing of vinous and fermented or malt liquors is as equally indefinite as the charge of manufacturing spirituous liquors. Also the information is bad by reason of the transaction being set forth in the disjunctive. The information, after reciting that the defendant manufactured spirituous, vinous, fermented, and malt liquors, continues by alleging the following: 'Or [manufacture] imitations or substitutes therefor.' The demurrer to this information should have been sustained. Therefore we request the court to reverse this judgment, with directions to the county attorney to file an amended information sufficient to charge this defendant with the offense of manufacturing spirituous liquors."

In our opinion, the confession of error is well founded. The information is duplicitous, and in a charge for manufacturing spirituous liquors, which the testimony tended to prove, it is not sufficient to set forth said offense in the words of the statute, without allegations of the particulars of the alleged offense, or the manner or mode of manufacturing the same.

For the reasons stated, the judgment herein is reversed, with direction to the trial court to sustain the demurrer to the information.

ARMSTRONG and MATSON, JJ., concur.