### Ex parte JOHN PEBSWORTH.

No. A-4316.    Opinion Filed Feb. 23, 1924.

(223 Pac. 192.)

Habeas corpus by John Pebsworth for release from custody. Writ denied, and petition dismissed.

Neal & Neal and J. W. Callahan, for petitioner.

The Attorney General opposed.

PER CURIAM. On April 25, 1922, petitioner filed herein his application for a writ of habeas corpus, alleging that he was unlawfully restrained of his liberty by Austin Park as sheriff of Latimer county, Okla.

The specific ground relied upon for the issuance of the writ was that petitioner was unlawfully restrained of his liberty and held for the crime of robbery with bond fixed at the sum of $2,000 by the district court of Latimer county, which bond petitioner had failed and refused to make, for the reason that on November 15, 1921, the Honorable A. C. Brewster, sitting as judge pro tempore in said district court, did sustain a demurrer to the original information and did not order and direct the county attorney to file a new information against petitioner, but made and entered an order therein which only permitted the county attorney to amend the original information, although sustaining the demurrer thereto; that said order sustaining the demurrer to the original information without order or direction to file a new information operated to discharge petitioner and to exonerate his bail; that thereafter, on the 16th day of November, 1921, the county attorney of Latimer county filed an amended information against this petitioner charging the same offense; that said amended information conferred no jurisdiction on the district court of Latimer county to hold your petitioner; but that the sustaining of the demurrer to the original information was a bar to a further prosecution against petitioner for the same offense.

Further it was alleged that petitioner had applied to the district court of Latimer county to grant his discharge for such reasons, but that a writ was refused him.

Certified copies of the original, the amended informations, the order sustaining the demurrer to the original in-

formation, the order of the district court denying the writ, were attached and made a part of the petition in this court.

The writ was denied. The order sustaining the demurrer to the original information never became a final judgment, as the court at the time and during the same term in effect modified said order by providing therein:

"County attorney given leave to file amended information; defendants held to answer to the amended information."

Section 2612, Compiled Statutes 1921, provides:

"If the demurrer is sustained the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, unless the court being of opinion that the objection on which the demurrer is sustained may be avoided in a new indictment or information, direct the case to be resubmitted to the same or another grand jury, or that a new information be filed."

The statute specifically provides that the judgment sustaining the demurrer is not final where the court "direct the case be resubmitted to another grand jury or that a new information be filed."

The order permitting the county attorney to file an amended information was sufficient to fulfill the requirements of the statute above quoted. No formal language constituting a specific direction to file a new information is required. Davenport v. State, 20 Okla. Cr. 253, 202 Pac. 18.

The amended information was in legal effect a substitute or new information within the meaning of section 2612, supra. Brown v. State, 5 Okla. Cr. 567, 115 Pac. 615; Sellers et al. v. State, —— Okla. Cr. ——, 226 Pac. 109.

Petition dismissed.