## EARL BYXBEE v. STATE.

No. A-4380.  Opinion Filed Jan. 10, 1925.
(231 Pac. 898.)

(Syllabus.)

**Intoxicating Liquors—Information for Manufacturing Liquors Insufficient on Demurrer.** The mere charge that one manufactured "intoxicating liquors," without naming the kind or character, is insufficient where the sufficiency of the information is challenged by demurrer, as in this case.

Appeal from County Court, Woods County; L. T. Wilson, Judge.

On rehearing. Former affirmance set aside, judgment reversed, and cause remanded.

For former opinion, see 28 Okla. Cr. 100, 228 P. 1004.

J. W. Barry, for plaintiff in error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J.  Earl Byxbee, plaintiff in error, defendant in the trial court, was on the 16th day of March, 1922, found guilty of illegally manufacturing intoxicating liquor. By the verdict of the jury his punishment was fixed at confinement in the county jail for a term of 90 days and a fine of $500. From the judgment rendered in accordance with this verdict he appeals.

This cause was originally affirmed by this court in an opinion rendered October 4, 1924. On rehearing it was shown that the record before us was erroneous, and, after the same was corrected to conform to the facts and the record in the trial court, this court orders the affirmance of October 4, 1924, set aside, and in consideration of the corrected record the judgment of the trial court is reversed for reasons following:

The charging part of the information, as it appears in the corrected record, is as follows:

"At and within the county of Woods, state of Oklahoma, Earl Byxbee, the defendant above named, then and there being, did wilfully, intentionally, and unlawfully make and manufacture intoxicating liquors in violation of the prohibitory laws of the State of Oklahoma, contrary to and in violation of the statute in such case made and provided and against the peace and dignity of the state of Oklahoma."

This information is fatally defective, in that it does not designate the kind or character of intoxicating liquor. Cole v. State, 16 Okla. Cr. 103, 180 P. 713; Fletcher v. State, 2 Okla. Cr. 300, 101 P. 599, 23 L. R. A. (N. S.) 581.

There are many kinds of intoxicating liquors that come within the prohibition of the statutes, such as ale, wine, beer, extracts, alcoholic medicines, certain tonics, several kinds of commercial alcohol and many kinds of fermented beverages. The accused is entitled to know the kind of liquor he is charged with making, selling, or transporting illegally, in order that he may fairly prepare his defense. 14 R. C. L. 187, and cases cited. The mere charge that one manufactured "intoxicating liquors," without designating the kind, is insufficient where the information is challenged by demurrer, as in this case.

The judgment of the trial court is therefore reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

MATSON, P. J., and DOYLE, J., concur.