## ISRAEL SMITH. v. STATE.

No. A-5731.  Opinion Filed June 18, 1927.
(256 Pac. 944.)

J. Hugh Nolen, J. V. Crawford, and O. A. Shaw, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Ass. Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Okfuskee county of the crime of manslaughter in the first degree and sentenced to serve a term of ten years in the state penitentiary.

Only one assignment of error is argued in the briefs, and the others will be deemed to have been waived.  The assignment presented is that the trial

court erred in permitting Tom H. Fancher, the county attorney of Hughes county, to appear and assist in the prosecution. The information was filed by the county attorney of Okfuskee county, who was in charge of the prosecution. He examined the jurors in part, read the information to the jury, and made the opening statement. In the course of qualifying the jury on their voir dire, Mr. Fancher, appearing as counsel for the state, requested permission to ask certain questions of a prospective juror; whereupon counsel for defendant filed what is entitled "Challenge," objecting to his appearance, as follows:

"(1) That the said Tom Fancher is the duly elected, qualified, and acting county attorney of Hughes county, Okla.

"(2) That the said Tom Fancher is personally interested in the prosecution of this cause.

"(3) That the said Tom Fancher has been employed and accepted employment from private parties interested in the prosecution of this cause."

The court thereupon conducted an examination into the grounds of the challenge. Mr. Fancher was sworn and testified, in substance, that the parties to the homicide and most of the witnesses resided in Hughes county; that he had been requested by certain citizens in his county to assist the state, and was doing so with the consent of the county attorney of Okfuskee county; that he had not been paid, had no contract for, did not expect, and had expressly declined to receive, any compensation or expenses; and that he was bearing his own expenses. One of defendant's counsel testified that on one occasion he had heard Mr. Fancher make the statement that he was employed by Cox Bros. of Hughes county, and that he had heard one Ray Meadows make the statement that Ed Cox had stated to him that he had paid Fancher $250, and if a con-

viction was secured he would pay more. This latter testimony was hearsay, but objection to its hearsay character was expressly waived by Mr. Fancher. Upon this evidence, the court made a finding in effect holding the testimony of Fancher true.

It is not contended that the county attorney of Okfuskee county lost control of the case, or that Mr. Fancher was guilty of any misconduct. The contention is that the county attorney of Hughes county was engaged in private practice, contrary to the provisions of section 5744, Comp. St. 1921, which in part reads:

"The county attorney shall not engage in the private practice of law, but in addition to his annual salary, which shall be the same as that of county judge, he shall receive twenty-five per cent. of all forfeited bonds and recognizances by him collected; nor shall any county attorney, while in office, be eligible to or hold any judicial office whatever; but if the county attorney of one county shall be requested to go to another county, or from one part to another part of his county to transact any business as county attorney, he shall be paid by his county the amount of his necessary expense in transacting such business in addition to the salary. * * *"

The most that can be said to be shown by the record is that there is a conflict of evidence as to whether the county attorney of Hughes county had or was to receive compensation for assisting in the prosecution. The trial court having expressly found the testimony of Mr. Fancher on this point to be true, certainly this court, knowing Mr. Fancher and having confidence in his integrity, would not hold the contrary. It is, of course, the duty of the county attorney of Okfuskee county to appear in the courts of that county and prosecute on behalf of the state all criminal actions. Section 5741, Comp. St. 1921. Certain of these duties cannot be performed by any person other than the

county attorney or some one officially representing the state; that is, they cannot be performed by a private person employed to assist the county attorney, but must be done officially. Reed v. State, 2 Okla. Cr. 589, 102 P. 1042. Hartgraves v. State, 5 Okla. Cr. 266, 114 P. 343.

It cannot be argued that, while an accused may employ the most able and talented counsel at the bar to represent him, the citizens of a community may not employ counsel, or that the court shall not permit counsel to volunteer to represent the interest of the state. The assistance of private counsel in the trial of a criminal case is not prohibited by law, and, where the county attorney as in this case properly institutes a criminal proceeding and controls the trial of the case, private counsel may properly be permitted to appear, examine witnesses, and assist in any other manner in the conduct of the trial. Reed v. State, supra; Cox v. State, 15 Okla. Cr. 133, 175 P. 264; Dunn v. State, 15 Okla. Cr. 245, 176 P. 86.

It seems to be the general rule that one on trial accused of crime cannot object to being prosecuted by a nonofficial member of the bar instead of the prosecuting attorney, particularly where there is no misconduct prejudicial to the accused. In such cases it is held that it is not a question between the prosecuting officer and the accused, but between the state and the accused. State v. Barrtlett, 105 Me. 212, 74 A. 18, 134 Am. St. Rep. 542, 24 L. R. A. (N. S.) 564, note.

Also it has been said that it is immaterial to a defendant whether or not an attorney assisting in the prosecution is to receive compensation. Bowme v. State, 55 Tex. Cr. R. 416, 116 S. W. 798. See, also, State v. O'Brien, 35 Mont. 482, 90 P. 514, 10 Ann. Cas. 1006. However, we do not deem it necessary to determine

this question, since under the record Mr. Fancher was acting without compensation as a private prosecutor, assisting the county attorney of Okfuskee county, who at no time lost control of the case.

The case is affirmed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.