## EARL BYXBEE v. STATE.

No. A-6328.   Opinion Filed Dec. 15, 1928.
(272 Pac. 493.)

E. W. Snoddy, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted in the county court of Woods county upon a charge of willfully, intentionally, and unlawfully manufacturing intoxicating liquor, to wit, corn whisky, and was sentenced to pay a fine of $500 and be imprisoned in the county jail for six months. Motion for new trial was filed and overruled, and exceptions saved, and defendant has appealed to this court.

The testimony on behalf of the state is in substance as follows: L. B. Farris stated he was city marshal and had had a commission as deputy sheriff; that he knew the defendant, Earl Byxbee; that he saw the defendant on the 30th of May, 1921, north of Avard about a half mile, at the McKnight farm; that he went to the McKnight farm on the said date with William Deaton, Harry Hogdson, the sheriff, and Hugh Martin; as they approached the house they met a Mr. Knode and asked him if he had seen anything of Mr. Byxbee or if Mr. Byxbee was around there; they went on to the house and witness and Mr. Deaton went into the house and found it empty; out west and a little bit north there was a windmill and a tank of water, and they discovered a hose running from the tank down

through the weeds northwest; after they discovered the hose they went to a shed that was farther west and looked down in that direction and saw the defendant, Byxbee, and a fellow named Gooch; when they first saw Byxbee he was between where the still was and the coil in the barrel; Mr. Deaton and Hogdson went down on the east side of the ravine, and I went down in the ravine; the still was on the west side of the ravine in a place dug in the bank; the still was set in some kind of a frame and had, I think, four gasoline burners under it, and the stuff was running out of the still; defendant was working at it; there was a keg there, I think about ten-gallon keg, with corn whisky in it; it was close to the coil in the barrel; there was quite a little bit of whisky, I don't remember how much; Mr. Deaton and myself proceeded to tear the still down and get things in shape to bring them to town; Mr. Byxbee said none of the other men had anything to do with the still, only himself, and he did not want to see the other men taken to town; but we did take Mr. Gooch and Mr. Byxbee to town; Mr. Byxbee stated it was his stuff and that the other fellow was not to blame, he had just gotten there.

The witness Deaton testified in substance to the same facts as L. B. Farris. The state introduced the search warrant, over the objection of the defendant. At the close of the state's testimony the defendant moved the court to instruct the jury to acquit the defendant for the reason that all of the testimony of the witnesses for the state was obtained by reason of a void and illegal search warrant, and therefore the same was not admissible. "By the Court: I could not do that. I don't think it is material. Overruled." Defendant excepts, and defendant rests. The defendant then asked to reopen the case and called as a witness L. Z. Lasley, who testified in substance that he did not remember who had drawn the search warrant; he thought he had prepared it, but now he thought Mr. Houts prepared it; he did not remember whether it was filed in this case or

not; did not know whether the complaint was on information and belief; he was county attorney of Woods county at the time this search warrant was issued. Had no recollection as to what became of the search warrant.

This in substance is all of the testimony that was introduced in the case. The defendant then made the following request: "Comes now the defendant and requests the court to instruct the jury that the State relies in this case for conviction upon circumstantial evidence, and that the court instruct the jury on circumstantial evidence"—which request was overruled by the court, and defendant duly excepted. From the record in the case it appears that this case had been before the Criminal Court of Appeals, 29 Okla. Cr. 9, 231 P. 898, and had been reversed and remanded, on the ground that the information was defective, and when the mandate of the Criminal Court of Appeals was spread of record the trial court entered the following order, omitting the caption:

"Whereas, it appears that said Earl Byxbee, one of the above named defendants was convicted in the County Court of Woods County, State of Oklahoma, at the January term 1922 of said court of a violation of the liquor laws of the State of Oklahoma, to wit: manufacturing intoxicating liquor, to wit: corn whisky, and whereas, said defendant appealed said cause to the Criminal Court of Appeals of the State of Oklahoma, and said cause was reversed and remanded for further proceedings, and whereas it appears that said cause was reversed on the ground that the Information filed therein was defective, and it appearing to the court that the defects of said Information may be cured by amendment or by filing an amended Information, and Whereas, it appears that C. E. Wilhite is disqualified to act as County Attorney in this cause, he having been interested in the defense of said action:

"I therefore appoint L. Z. Lasley to act as prosecutor in said cause and to assume all the responsibilities and privileges in said action that the County Attorney may rightfully assume.

"Witness my hand and seal of this court this 13th day of November, 1925.

"L. T. Wilson, Judge."

November 18, 1925, amended information was filed by the special prosecutor, L. Z. Lasley. The defendant filed a demurrer to the amended information, on the ground that the information did not substantially conform to the law; that more than one offense is charged in the information; that the facts do not constitute a public offense; that the information contains matter which, if true, constitutes a legal bar to the prosecution; that the information shows on its face that the prosecution is barred by statute of limitation—which motion was by the court overruled, and defendant duly excepted.

Defendant then filed a motion to set aside the information on the ground that the same was not filed, signed, indorsed, or verified as prescribed by the statute, which motion was by the court overruled, and defendant excepted. The defendant filed a motion to dismiss, alleging as grounds that at the prior trial defendant had demurred to the information which demurrer was overruled; defendant was tried and appealed to the Criminal Court of Appeals, which court held that the demurrer should have been sustained, and reversed said cause for further proceedings, and that the proceeding had in this case, since the opinion of the Criminal Court of Appeals was rendered, has not been in conformity to law. Which motion was denied by the court, and defendant excepted.

The defendant urges that the court erred in overruling his demurrer to the information filed against him, and in overruling the motion of the defendant to set aside the information, and argues at length that there is nothing in the record to show that the regular county attorney was disqualified when L. Z. Lasley was appointed special prosecutor for the state, and that the information is void for the reason that the information was not exhibited by the

county attorney, or some other officer authorized to do so, and for that reason the county court had no jurisdiction to place the defendant on trial.

We cannot agree with defendant's contention. The order appointing the special prosecutor recites that C. E. Wilhite is disqualified for the reason that he had been interested in the defense of said action.

Section 2725, Comp. St. 1921, provides as follows:

"If a county attorney fails, or is unable to attend at the trial, or is disqualified, the court must appoint some attorney at law to perform the duties of the county attorney on such trial."

Section 5741 of the Comp. St. 1921, makes it the duty of the county attorney to appear in the district, superior, and county courts of his county, as a prosecutor, or to defend on behalf of the state all actions or proceedings, civil or criminal, in which the state or county is interested, or a party.

We hold the statute above referred to is sufficient authority for the county judge, when the county attorney is disqualified, to appoint some competent person to represent the state in any case in which the state may be a party, or interested. Section 2725 is supplemental to section 5745, Comp. St. 1921, relied upon by the defendant; section 5745 confers authority upon the district court to appoint a special county attorney in trials of all cases where the county attorney is absent or unable to attend or perform the duties, or disqualified generally to act in his official capacity.

If there was no specific provision in the statute, the county court being a court of record, we hold that the court would have inherent power to appoint a special county attorney, where it was shown the regular elected, qualified, and acting county attorney was disqualified under any of the grounds mentioned in the statute. It is essential to the very life of the court that proper officers be in attend-

ance upon it. The power to appoint such officers is necessary for the protection and existence of the court, and absolutely essential to the administration of justice, and the enforcement of all our laws. It was not error for the court to overrule the demurrer to the amended information, and motions to dismiss the same on the grounds stated in the demurrer and motions.

It is next urged by the defendant that the former decision of this court, in holding the information fatally defective, was tantamount to sustaining the demurrer to the information, and that before a new information could be filed it would be necessary for the county court to direct the county attorney to file a new information, or direct that a new information be filed, and, no order of this kind having been made, that the judgment was final upon the information demurred to, and is a bar to another prosecution for the same offense.

Defendant cites State v. Wheatley, 20 Okla. Cr. 28, 200 P. 1004, and authorities therein cited, to sustain his position. We find that in the Wheatley Case there was no order whatever entered by the court when the demurrer was sustained, directing the county attorney to file an amended information. In this case, while the language is not specific, it is evident by the language used by the court in appointing L. Z. Lasley special attorney that he intended it to be construed that the special prosecutor was to carry out the duties of the county attorney by taking the necessary steps to continue the prosecution; this language appearing in the order:

"And, whereas, it appears that C. E. Wilhite is disqualified to act as County Attorney in this cause, he having been interested in the defense of said action, I therefore appoint L. Z. Lasley to act as prosecutor in said cause and to assume all the responsibilities and privileges in said action that the County Attorney may rightfully assume."

It is not necessary that any formal language should

be used in directing the county attorney as to the procedure that should be taken in the case. Davenport v. State, 20 Okla. Cr. 253, 202 P. 18; Ex parte Pebsworth, 28 Okla. Cr. 181, 223 P. 192. It is clear from the language used in the order that the court intended the special prosecutor to follow the proceedings he followed by filing an amended information and to further prosecute the case.

The court did not err in permitting the amended information to be filed by the special prosecutor. It is next urged by the defendant that the court erred in permitting the introduction of the search warrant, with the return on the same, as the return showed Earl Biggsbee and one Gooch were found at the still and arrested.

From an examination of the record in this case, we do not find the rights of the defendant were prejudiced by the introduction of the search warrant and the return, for the reason that all the proof of the state, which is not controverted by any witness for the defendant, shows that the defendant was found in the possession of a still which was in operation, and that a quantity of corn whisky was found at the still, which still was down in a ravine some distance from the house and barn known as the McKnight place. There is no contention made by the defendant that he was occupying the house or its curtilage, and no denial made that the place where the still and corn whisky were shown to have been found was quite a distance from the house and barn, and that the defendant was found in possession of the same by the officers. The testimony is amply sufficient to sustain the verdict and judgment. The court properly declared the law.

Finding no error in the record prejudicial to the defendant's rights sufficient to warrant the court in reversing the case, the judgment and sentence are affirmed.

DOYLE, P. J., and EDWARDS, J., concur.