## WILEY HAYES v. STATE.

No. A-6641. Opinion Filed Dec. 29, 1928.
Rehearing Denied Feb. 9, 1929.
(274 Pac. 41.)

Rummons & Hughes, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Washita county on a charge of unlawfully transporting intoxicating liquor, and was sentenced to pay a fine of $250 and to imprisonment in the county jail for a term of 90 days.

The record discloses that, on the date charged, two deputy sheriffs, with a search warrant for the search of the automobile and the person of defendant, apprehended him in the nighttime near a negro residence, a few miles out of Cordell. They served the search warrant, and searched the automobile, but found no intoxicating liquor, but on searching the person of defendant they found a pint of whisky concealed in each sock. The defendant did not take the stand, and offered no testimony.

It is first contended that the search of the automobile and the person of defendant was unlawful and the evidence procured thereby incompetent, for the reason that the search warrant was procured by an insufficient affidavit. The affidavit in part alleges: "* * * That one Wiley Hayes * * * has in his possession and is now using a certain automobile to unlawfully transport certain intoxicating liquors, to wit, whisky * * * from some place in the state of Oklahoma to some place in Washita county, Oklahoma, the location of said places being unknown to said affiant. * * *"

It is argued that the affidavit must contain evidentiary facts and not conclusions, and, since the person making the affidavit did not know where defendant was at the time nor from what place he was transporting whisky, that the statement in the affidavit is a mere conclusion, and does not show probable cause, but upon its face discloses that it was made on information and belief. The case of Hannan v. State, 29 Okla. Cr. 203, 233 P. 249, in a measure supports this contention. That ease, however, is virtually

overruled by the case of Smith v. State, 30 Okla. Cr. 144, 235 P. 273. See, also, Cahill v. State, 38 Okla. Cr. 236, 260 P. 91. The affidavit is by no means a model, but is not so defective as to require a reversal.

Complaint is also made that the court erred in refusing defendant's requested instruction No. 1, in substance, that the state must show a transporting from one distinct place or locality to another distinct place or locality in order to constitute illegal transportation of intoxicating liquor. The information alleges a transportation from a place unknown to a certan described place in Washita county. It is not required that the particular place from which liquor is transported be alleged or proven. It may be alleged to be from a place unknown, and proof in support of such allegation will be sufficient.

Some claim is made that the conviction is unlawful, for the reason that the county judge, on account of the absence of the county attorney, appointed a special county attorney to prosecute. When the case came on for trial the county attorney was absent on official business, the county judge thereupon appointed a member of the bar to act as special county attorney. The person appointed qualified by taking the oath; under the authority of Byxbee v. State, 41 Okla. Cr. 272, 272 P. 493, this was not error. Section 2725, C. O. S. 1921.

Also it is argued that the court erred in admitting in evidence the complaint for search warrant, and the search warrant. A motion to suppress on account of the insufficiency of the affidavit and search warrant was filed prior to the trial and evidence taken. In the trial the special county attorney offered in evidence the complaint and search warrant. This, of course, was improper and inadmissible. Objection was made, and the court stated that it might be admitted for the purpose of the record, but not to go to the jury, apparently intending to supplement the

showing made on the motion to suppress. There was no prejudice in admitting it for this limited purpose.

Before going into trial, defendant's counsel orally moved to quash the jury panel for the reason that the county attorney at the beginning of the term, in referring to an application for continuance, stated in the hearing of a part of the jury that defendant had been convicted on a similar charge in the county court of Kiowa county. This motion to quash, if it may be so termed, was not in writing, and states none of the grounds contained in section 2659, Comp. Stat. 1921, on which a motion to quash jury panels must be founded. No showing is made that any of the jurors sitting on the panel heard the statement, and no peremptory challenges were exercised. The jury panel could not be quashed for the reason assigned. Pate v. State, 15 Okla. Cr. 90, 175 P. 122. Such errors as appear in the record do not require a reversal.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.