CLINTON C. NANCE v. STATE.

No. A-6056. Opinion Filed Jan. 2, 1929.
Rehearing Denied Jan. 14, 1929.
(273 Pac. 369.)

D. P. Parker and Dan Huett, for plaintiff in error.

George F. Short, Atty. Gen., and Leverett Edwards, Asst. Atty. Gen., for the State.

DOYLE, P. J.   This was a criminal prosecution commenced in the county court of Harper county, in which it is charged upon information that the defendant, Clinton C. Nance, published in a newspaper named the Fish Hook, certain false, malicious, defamatory, and libelous statements of and concerning one Tom Ricker, and caused the same to be distributed and circulated in Harper county, Okla. .

A trial was had before the court and jury, and the

defendant was found guilty, and his punishment fixed at a fine of $225. A motion for new trial was duly filed and overruled, also a motion in arrest of judgment was filed and overruled. From the judgment, defendant appeals to this court.

The demurrer interposed to the information in this case attacks, first, the jurisdiction of the court to try the cause, second, the authority of B. F. Willett, the special county attorney appointed by the court, to prosecute the same.

It appears that at the time of the commencement of this action B. F. Willett was the duly elected and acting county attorney, and he instituted the prosecution by filing what is styled in the record a criminal complaint. When the case came on to be heard, Mr. Willett had been succeeded in this office by T. G. Cook, who it appears had been attorney for the defendant in this cause before he entered upon his duties as county attorney, and it was therefore objected by the defendant that the said T. G. Cook was disqualified, and could not file a new pleading styled an information, as ordered by the court upon sustaining the demurrer to the criminal complaint, for the reason that he had been the attorney for the defendant prior to his election as county attorney. The county court of Harper county, after hearing evidence upon these matters, appointed B. F. Willett as special county attorney to prosecute this defendant, Clinton C. Nance, and directed the special county attorney to file a new charge in the form of an information against the defendant. This information was duly filed, being signed by B. F. Willett as an appointed and qualified county attorney. These proceedings are shown by stipulation entered in the record by and between attorneys, the material part of which is as follows: "It is hereby stipulated and agreed that at the April Term 1925 of the county court of Harper county, Oklahoma, the above cause was called and in support of the various pleadings

filed and passed on at that time evidence was taken to the effect that T. G. Cook was county attorney of Harper county, at that time and had been since the first Monday in January, 1925, and that T. G. Cook had been employed by defendant before his election and qualification as such county attorney in this case and B. F. Willett was appointed by the county judge of Harper county, Oklahoma, to prosecute this case as shown by the order to that effect on file in this court in this case; that such appointment and the oath filed by said B. F. Willett in this case was the authority under which he was acting at that time and that M. A. Holcomb was acting under employment of Tom Ricker, the prosecuting witness in this case and that at the time the original complaint was filed in this case, B. F. Willett was the county attorney of Harper county, Oklahoma, and continued as such until the first Monday in January, 1925, at which time his term of office expired and he was succeeded by T. G. Cook as such county attorney; that this stipulation may be considered by the Criminal Court of Appeals in this case in lieu of said testimony taken on April 20th, 1925, at said April Term 1925 of the county court of Harper county, Oklahoma, and has been lost or misplaced and that the stipulation shall be taken as fully and completely covering said testimony." Signed by attorneys for defendant and state.

In this connection the court also makes the following finding in the record: "And thereupon after the defendant has filed his motion objecting to the appointment and action of B. F. Willett as a prosecutor representing the state of Oklahoma, the court further finds that at this time there is no district judge in Harper county, Oklahoma, and that there is no representative of the attorney general's office in Harper county, Oklahoma, and that this court has the inherent right as judge of a court of record to appoint an attorney as prosecutor herein. Said court finds that because of the disqualification of the county attorney there

is no one other than B. F. Willett to represent the state and overruled the motion of defendant, to which ruling of the court said defendant excepts."

The evidence shows or tends to show: That the defendant, Clinton C. Nance, who was or pretended to be, a Baptist minister, was the editor and publisher of a paper called the Fish Hook. That the objectionable matter, which is libelous per se, in the information, was published and distributed widely by the defendant, Nance, in a certain issue of his publication, and that the same was so published and distributed with the unlawful and malicious and libelous intent to hold the prosecuting witness, Tom Ricker, up to public contempt and ridicule; and to injure him in his reputation, good name, and occupation; and the testimony indicates in addition that the matters published by the defendant, Clinton C. Nance, of the prosecuting witness, Tom Ricker, were such as to make this defendant guilty of criminal libel as charged in the information. The publication of the matter in question is clearly proven, a copy of the Fish Hook, of the date named in the information, was in evidence before the jury, and it is conclusively established that the publication was libelous and slanderous per se; that it was widely distributed by the defendant, and that the effect of such distribution was as alleged. There is no justification proven and no defense of truth established.

The publication of this article by defendant comes squarely under section 1800, C. O. S. 1921, as follows: "Libel is a false or malicious unprivileged publication by writing, printing, picture, or effigy or other fixed representation to the eye, which exposes any person to public hatred, contempt, ridicule or obloquy, or which tends to deprive him of public confidence, or to injure him in his occupation, or any malicious publication as aforesaid, designed to blacken or vilify the memory of one who is dead,

and tending to scandalize his surviving relatives or friends."

The penalty provided therefor is found in section 1802, C. O. S. 1921, as follows: "Any person who makes, composes or dictates such libel or procures the same to be done; or who willfully publishes or circulates such libel; or in any way knowingly or willfully aids or assists in making, publishing or circulating the same shall be punishable by imprisonment in the county jail not more than one year, or by fine not exceeding one thousand dollars, or both, and shall also be civilly liable to the party injured."

The record does not establish the defense to this action provided by section 1803, Id., as follows: "In all criminal prosecutions or indictments for libel, the truth thereof may be given in evidence to the jury, and if it be made to appear by the defendant that the matter charged as libelous was true, and in addition thereto was published with good motives, and for justifiable ends, or was a privileged communication, the defendant shall be acquitted."

It is first contended that the county court of Harper county had no jurisdiction of the subject-matter of the action, or of the person of the defendant, in the said court has no jurisdiction of the offense of criminal libel.

In support of this assignment, counsel cites section 12, art. 7, of the state Constitution, defining the jurisdiction of county courts.

In Jackson v. State, 10 Okla. Cr. 549, 139 P. 704, this court held that the limitations contained in section 12 of article 7, of the state Constitution, defining the jurisdiction of county courts, applied only to civil causes, and have no application to criminal prosecutions.

In the opinion it is said: "The clause in said section that the county court shall not have jurisdiction in actions of slander or libel has reference only to civil actions."

It is further therein provided:

" 'The county court shall have jurisdiction concurrent with justices of the peace in misdemeanor cases, and exclusive jurisdiction in all misdemeanor cases of which the justices of the peace have no jurisdiction.'

"A misdemeanor is every crime other than those which are, or may be punishable with death, or by imprisonment in the penitentiary." (Penal Code, secs. 1503 and 1504, C. S. 1921.)

Under section 1802 of the Penal Code, already quoted, criminal libel is made a misdemeanor. The county court of Harper county, therefore, not only had jurisdiction, but, in a county having no superior court, it had exclusive jurisdiction of this offense.

It is next contended that said county court "had no jurisdiction or authority to appoint a special prosecutor to perform the duties of county attorney, and the acts of such prosecutor are wholly void."

Section 2725, Procedure Criminal, provides as follows: "If the county attorney fails, or is unable to attend at the trial, or is disqualified, the court must appoint some attorney at law to perform the duties of the county attorney on such trial."

It has been repeatedly held by this court, where the county attorney is disqualified, that independent of any statute the trial court has inherent power to appoint a special attorney to perform the duties of the county attorney, in order to avoid delay and to prevent a miscarriage of justice. Hisaw v. State, 13 Okla. Cr. 484, 165 P. 636.

In the case of Byxbee v. State, 41 Okla. Cr. 272, 272 P. 493, it is held: "Where the record shows that the court entered an order appointing a special prosecutor, on the ground that the county attorney was disqualified, the demurrer and motions to the information on that ground, that the special attorney was not authorized to file an

amended information, were properly overruled." To the same effect is the case of Hayes v. State, 41 Okla. 302, 274 P. 41.

It follows from these authorities that the demurrer to the information and the motion in arrest of judgment were properly overruled.

In the information in this case is set forth the alleged libelous article, which reads as follows: "Listen to me old farmer: If I were the worst old woman chaser and pimp in the county I would still be an angel beside this she man. In every town where he has lived the decent people have cried out 'unclean' against Ricker. He has family trouble just because he didn't live up to marriage vows. He has a reputation about like a run-about town dog. He has permitted the office of Assessor to be used for everything but what it should be used for. Do you want a man who doesn't give a pip about your daughter only to satisfy his passions? A leper who would let bad women live in your town to ruin the life of your pure boys? Who would cater to any old degenerate just to cover up his own dirty sins. I am not telling you half of what has transpired in the life of this she man. I can prove it."

On the trial the defendant testified that he was a Baptist minister, lived at Enid, and was editor of the newspaper published at Enid, known as the Fish Hook; that the article that was published in his paper August 1, 1924, was written by him, and that he was responsible for everything that appeared in his paper.

That the article in question was based upon information he received from citizens of Buffalo and vicinity, including Waynoka; that he had nothing in the world against Mr. Ricker, no malice or ill will.

We have read the record with care, and we have failed to find any competent evidence tending to show that the

alleged libelous matter was true, or that the same was published for justifiable ends.

There were exceptions to rulings of the court on the admission and exclusion of evidence during the course of the trial, which we have not overlooked, but which we do not consider of sufficient merit to require discussion.

A number of exceptions were taken to the rulings of the court in giving and refusing instructions. There were several instructions offered, and it would be strange if the rulings were beyond all criticism, but, taken as a whole, the law of the case was fairly presented in the instructions given. The last assignment urged is alleged improper remarks by the prosecuting attorney in his argument to the jury.

The settled rule is that the prosecuting attorney has the right and privilege in his argument to the jury to refer to the evidence, and state his deductions therefrom, and urge upon the jury the truth or falsity of any testimony given in the case, and the remarks of the prosecuting attorney in his argument will be considered and construed in reference to the evidence. In order to constitute reversible error, the impropriety indulged in must have been such as may have improperly influenced the verdict. Allen v. State, 13 Okla. Cr. 395, 164 P. 1002, L. R. A. 1917F, 210.

Upon a careful consideration of the record, we are of the opinion that, when the jury had proceeded so far as to find the witnesses for the state worthy of belief, any other verdict than the one returned would have been a reproach upon the administration of justice in the state.

It appearing that appellant had a fair trial, the judgment of the lower court is affirmed.

EDWARDS and DAVENPORT, JJ., concur.