# G. L. HORTON v. STATE.

No. A-6717. Opinion Filed September 14, 1929.
(280 Pac. 857.)

Meacham, Meacham & Meacham and W. W. Peterson, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.    Plaintiff in error, hereinafter called defendant, was convicted in the district court of Roger Mills county on a charge of assault with intent to kill, and his punishment fixed at a term of four years in the state penitentiary.

The first contention is made that the verdict is indefinite, and not responsive to the issues, and purports to be for an offense not defined by statute. The defendant was informed against for shooting at another with intent to kill, under section 1756, Comp. St. 1921. The sufficiency of the information is not questioned. The court in his instructions properly defined and submitted to the jury the crime of shooting another with intent to kill, and also the lesser and included offense of shooting another with intent to do bodily harm, but without intent to kill, as defined by section 1764, Comp. Stat. 1921. The instructions upon this point are:

"(3)    Now, if you find and believe from the evidence beyond a reasonable doubt that the defendant  *  *  * did then and there unlawfully, willfully, wrongfully, intentionally, and feloniously make an assault in and upon one H. C. Dykes with a certain shotgun and did then and there wrongfully, intentionally, and feloniously  *  *  *  shoot the said H. C. Dykes, with the unlawful and felonious intent on the part of him, the said G. L. Horton, to kill the said H. C. Dykes, then in that event you will find the defendant guilty of an attempt to kill the said H. C. Dykes, as charged in the information, and so say by your verdict.

"But if, under the evidence and these instructions, you entertain a reasonable doubt of the guilt of the defendant of an attempt to kill the said H. C. Dykes, as charged, but do find and believe from the evidence beyond a reasonable doubt that the said G. L. Horton, did * * * willfully, wrongfully, intentionally, and feloniously, with intent to do bodily harm, without justifiable or excusable cause, shoot * * * one H. C. Dykes with a certain shotgun, with the unlawful and felonious intent to injure the said H. C. Dykes, although without any intent to kill the said H. C. Dykes, then in that event you should find the defendant guilty of assault with a dangerous weapon with intent to do bodily harm, without justifiable or excusable cause.

"(4) If from the evidence and these instructions you find beyond a reasonable doubt that the defendant is guilty of an attempt to kill the said H. C. Dykes, as charged in the information, or of an assault by shooting * * * said H. C. Dykes with intent to do bodily harm, without justifiable or excusable cause, without intent to kill, but have a reasonable doubt of which of said offenses he is guilty, then you should give him the benefit of such doubt and find him guilty of the latter offense, to wit, shooting * * * said H. C. Dykes with intent to do bodily harm, without justifiable or excusable cause. If you entertain a reasonable doubt of the guilt of the defendant of either of said offenses, then you will find him not guilty."

None of the instructions were excepted to, and no requests for additional instructions were presented, nor was any objection to the verdict made when returned. No assignment of error predicated on the instructions or the verdict was made in the motion for a new trial. No assignment is made in the petition in error of error in the instructions given, or in the failure to give additional instructions. The insufficiency of the verdict is there assigned as follows:

"Second. Because the verdict rendered in said cause and the judgment and sentence in said cause are contrary to law."

It is very doubtful if the point sought to be made that the verdict is too indefinite to sustain the judgment is properly preserved, under the record as stated.

The jury returned its verdict finding defendant "guilty of an attempt to kill, as charged in the information herein," and fixed the punishment at four years in the state penitentiary. By the instructions above quoted, the court defined and submitted to the jury only two assaults, that of shooting another "with intent to kill," and that of shooting another "'without intent to kill, but with intent to do bodily harm." The error in instruction No. 3, submitting assault with intent to kill, is in naming the offense "attempt to kill." This offense should have been named "shooting with intent to kill." This error, no doubt, crept into the instructions from the fact that article 19, c. 6 (sections 1755-1757) Comp. Stat. 1921, defining this assault is headed: "Attempts to Kill." Also the subhead of the section defining this offense—i. e., section 1756—is, "Attempt to Kill." That is, the codifier or compiler has named this offense "attempt to kill," and the court erroneously adopted this name, instead of the correct name of "shooting with intent to kill." This is a mere misnomer in the instructions and in the verdict. The elements of the offense are correctly stated to the jury; they must have found the existence of these necessary elements, in order to render the verdict of shooting with intent to kill, designated by them as "attempt to kill."

If this error in the verdict and instructions had been called to the attention of the trial court, it would no doubt have been corrected; but, this not having been done,

it is well settled that, if it can be determined from the verdict what the jury intended, it will be upheld, and all reasonable intendments and inferences will be indulged with reference to the entire record to sustain it. Stansell et al. v. State, 30 Okla. Cr. 265, 235 Pac. 937; Harrell v. State, 43 Okla. Cr. 278, 278 Pac. 404.

It is also argued that the cause was not prosecuted by the county attorney, but by special counsel employed by the prosecuting witness. The record upon this point is that the case was conducted by Mr. Blosser and Mr. Brown, attorneys, privately employed. The county attorney was not present. No objection whatever was made until both the state and defendant had introduced their evidence and rested. Objection was then made, and the court in substance stated that, the county attorney being sick and unable to be present in court, he will then appoint Messrs. Blosser and Brown as special prosecutors. They continued until the trial was concluded. A private person may employ an attorney to assist in the prosecution, but the county attorney should not lose control of the case. Johnson v. State, 35 Okla. Cr. 212, 249 Pac. 971; Smith v. State, 37 Okla. Cr. 85, 256 Pac. 944.

When the county attorney is disqualified, or unable to attend to the duties of his office, the court may appoint some suitable person to perform for the time being the duties of the county attorney. Section 2725, Comp. Stat. 1921; Byxbee v. State, 41 Okla. Cr. 272, 272 Pac. 493; Nance v. State, 41 Okla. Cr. 379, 273 Pac. 369; Hayes v. State, 41 Okla. Cr. 302, 274 Pac. 41. If counsel for defendant were of the opinion that the attorneys appearing for the state were not under the direction of the county attorney, they should have made timely objection, so the court might appoint some attorney to act for the

state, in the absence of the county attorney. As soon as the objection was made, the court did so appoint. The objection came too late.

Lastly, it is urged that the punishment assessed under all the circumstances is excessive, and that the judgment should be modified. The Attorney General states that he does not contest a reduction of the punishment, if it is considered excessive. The record is that the prosecuting witness, Dykes, at the time he was shot by defendant, was armed with a Winchester rifle and fired at defendant, and that he is not altogether free from fault. Justice requires that the judgment be reduced to confinement in the penitentiary for a term of two years, and, as modified, is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.