HENRY SANDERS v. STATE.

No. A-7542.   Opinion Filed March 6, 1931.
(296 Pac. 764.)

Clark & Jack Nichols and Monk & McSherry, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter called the defendant, was convicted in Pittsburg county district court, of rape in the second degree, and his punishment fixed at seven years in the penitentiary. From which judgment the defendant appealed.

The substance of the evidence in this case tends to show that Henry Sanders and the prosecuting witness, Ruby Blair, lived in and near Eufaula, in McIntosh county, Okla.; that on October 20, 1928, the defendant drove to near the house of a Mr. Gilland and by previous arrangement met Mary and Jewell Gilland and Ruby Blair, who got in the car with him and drove to McAlester, Pittsburg county, the prosecuting witness riding in the front seat with the defendant and the two Gilland girls in the

rear seat of the car; when the parties reached McAlester the defendant gave the Gilland girls $2 and told them to go to the show; the defendant and Ruby Blair then drove south on the Jefferson Highway from a mile to two miles and turned off the main highway; after driving a short distance the prosecutrix claimed the defendant turned his car north and stopped the car, and took her in the back seat and had intercourse with her; they went back to McAlester and stopped at Keith's filling station; the prosecuting witness was suffering severely and her condition was so serious that Dr. Barton was called, and he came to the filling station where Ruby Blair had been taken in by Mrs. Keith and placed on a bed; the doctor did not make a thorough examination of the prosecutrix, but gave her a hypodermic and advised them to take her to a hospital and let her be examined; the prosecuting witness was not taken to the hospital after the hypodermic was administered, but the parties started from McAlester to drive to their home near Eufaula; at the town of Canadian the condition of the prosecutrix Ruby Blair was such that she required medical aid and they stopped there and called Dr. Lewellen; after Dr. Lewellen had administered to the girl, which was about 11 or 12 o'clock at night, the defendant, in a conversation with the doctor, stated that the condition of the prosecutrix was due to their having had sexual intercourse; the parties then went on to the Gilland home, the father of the two girls. The defendant carried the prosecutrix into the house. Dr. West of Eufaula was then called and attended her, and remained with her much of the time until she was removed from the Gilland home to her home, which was about 6 o'clock the next afternoon.

The testimony shows that the defendant also told Dr. Barton at McAlester that he had had intercourse with

the prosecutrix. The testimony of all parties shows that the prosecutrix was in good health when they left Eufaula, and that she made no complaint up to the time the Gilland girls left the defendant and prosecuting witness in Mc-Alester, the Gilland girls going to a picture show and the defendant and prosecutrix driving on south.

The first mention of the prosecuting witness complaining was when the defendant claims to have left the car a short distance to answer a call of nature, leaving the prosecutrix in the car, and when he came back he states she was complaining; the defendant denies he had intercourse with the prosecutrix, but admits he made the statement to the doctors in substance as testified to by them. Some testimony was introduced and the doctor was questioned as to the cause of the prosecutrix's complaint, and an effort was made to show that the pains were caused by a miscarriage. The defendant paid the doctor bills at McAlester and Canadian; and it was shown that when the prosecutrix was taken into the filling station that she did not have on her shoes and stockings, or her bloomers; the defense undertook to prove that she took her shoes and stockings and her bloomers off; the prosecutrix testified that the defendant pulled her bloomers down.

The testimony tends to show that at the time of the alleged offense the prosecutrix was under the age of 16 years; this was shown by the father and mother, and also Dr. West; the defense offered testimony tending to show she was more than 16 years of age. The question of the age of the prosecuting witness was a question for the jury to decide.

There were only two questions raised in this case that need careful consideration: The first is, Was the prosecutrix, at the time of the alleged offense, under the age of

16 years. And the next is, Did the defendant have intercourse with the prosecutrix with or without her consent. If she was under the age of 16 years and the defendant had intercourse with her, with or without her consent, he was guilty of the crime for which he was convicted.

The defendant has assigned several errors alleged to have been committed by the court in the trial of the case. The first error discussed by the defendant is the thirty-first assignment of error, which goes to the alleged misconduct of the county attorneys with reference to the introduction of State's Exhibit A, which was a page of the school census. The defendant contending that, after the court held the page of the school census enumeration of the independent school district of Eufaula inadmissible for the purpose of proving the age of the prosecutrix, the said county attorneys repeatedly reoffered said record in evidence, and when they finally desisted therefrom they persisted, in the presence of the jury, in consulting the said objectionable record in the further examination of the age of the prosecutrix, and in the presence of the jury then and there framed further questions therefrom and thereby insinuating to the jury the contents of said objectionable, inadmissible, and theretofore barred record.

We do not think the record discloses error committed by the county attorneys in their effort to show the contents of the page of school census for the independent school district of Eufaula; the admission of this page of the record, if it showed a different date than that testified to by the father, mother, and Dr. West, who testified to the birth date of the prosecutrix, would only have tended to bring out a further conflict in the testimony as to the age of the prosecutrix, and the question of its admission or rejection was immaterial and would not prejudice the rights of the defendant. Whatever the record offered and

excluded would show was secondary evidence and hearsay, as it was a record made by the statements of the prosecutrix or some one else at the time she entered school, and the party making it might have gotten an incorrect date.

From the testimony in this case there is positive evidence as to the date of the birth of the prosecutrix. It is further urged by the defendant that Milam B. King, county attorney of McIntosh county, at the request of the county attorney of Pittsburg county, took part in the trial, and his action in taking part in the trial at the request of the county attorney of Pittsburg county was without authority of law. This question was passed upon in a recent decision of this court. In Smith v. State, 37 Okla. Cr. 85, 256 Pac. 944, the syllabus of the court is as follows:

"Where the county attorney of the county in which an offense is triable institutes the proceeding and controls the trial of the case and performs all the official acts required to be performed by a county attorney, other counsel may properly be employed, and, with the consent of the county attorney, may appear and assist in the conduct of the trial. In like manner, the county attorney of another county may appear as private counsel, and, under the rules applying to private counsel, assist the county attorney of the county in the conduct of the trial."

In this case the record does not disclose that the county attorney of Pittsburg county lost control of the case, or that Mr. King, the county attorney of McIntosh county, who assisted in the trial, was guilty of misconduct. The county attorney of McIntosh county, at the request of the county attorney of Pittsburg county, took part in the trial and was active in the prosecution of the defendant.

It cannot be successfully argued that, while the accused may employ the most able and talented attorneys

to represent him, the citizens of a community cannot employ counsel, or that the court may not permit counsel to volunteer to represent the state. We do not think the assistance of private counsel in the trial of a criminal case is prohibited by law, and, where the county attorney, as in this case, properly institutes a criminal proceeding and controls the trial of a case, other counsel may properly be permitted to appear and examine the witnesses and assist in any manner in the conduct of the trial. Reed v. State, 2 Okla. Cr. 589, 103 Pac. 1042; Dunn v. State, 15 Okla. Cr. 245, 176 Pac. 86.

There being no showing that there is any conduct on the part of the county attorney from McIntosh county prejudicial to the rights of the accused, the error complained of by the defendant is without merit.

The defendant in his 29th assignment of error complained that one of the witnesses, Sonny Price, from McIntosh county, was arrested during the trial, and after the trial was closed the county attorney of McIntosh county appeared before the justice of the peace and dismissed the case. There is nothing in the record to show that the arrest of the witness was made in the presence of the jury, during the trial of the case, or in the courtroom, or that the jury had any knowledge whatever that an arrest had been made until after the case had been submitted to the jury; therefore the rights of the defendant could not have been prejudiced by the arrest of the witness.

The affidavit of the juror, Victor P. Buell, shows conclusively that the jurors paid no attention when the bailiff told them the witness Price had been arrested, and the jury was not influenced by the statement. The bailiff violated the instructions of the court in making any statement to the jury, but, in view of the absence of any show-

ing that the statement influenced the jury, it did not prejudice the rights of the defendant.

The defendant complains in his 33rd assignment of error that the county attorneys of McIntosh and Pittsburg counties were guilty of misconduct in the argument to the jury when Mr. Watson criticized the defendant, for the reason that, when on the witness stand, in his own behalf, the defendant did not state that the prosecuting witness was over 16 years of age, and did not state the prosecuting witness had told him she was over 16 years of age. This argument of the county attorney was proper for the reason the defendant had testified in court, and it was only an illustrative argument that the defendant, while on the stand, had not stated the girl was 16 years of age, or that she had told him she was 16. The argument was such an argument as the attorneys prosecuting had a right to make, yet it was immaterial and did not prejudice the rights of the defendant, for the reason that the defendant had denied he had had intercourse with the prosecutrix. In Crowell v. State, 42 Okla. Cr. 392, 276 Pac. 518, in the second paragraph of the syllabus, this court said:

"A conviction will not be reversed for alleged misconduct of the prosecuting attorney, unless this court can see that the prosecuting attorney was not only guilty of misconduct, but that such misconduct might in some degree have influenced the verdict of the jury."

The testimony of the prosecutrix, her father, mother, and Dr. West shows that she was under the age of 16 years. The defense attempts to contradict this. The prosecutrix states positively that the defendant had intercourse with her while on the drive south of McAlester. The defendant admitted to the doctors that he had sexual intercourse with the prosecutrix; on the witness stand he denied he had had intercourse with the prosecutrix. The

jury heard the testimony of the witnesses and had an opportunity to judge of their demeanor while on the stand, and after considering their testimony found the defendant guilty. This court has often held that, where there is any competent testimony upon which the court would reasonably find the defendant guilty, it would not disturb the verdict. The testimony is sufficient to sustain the verdict.

There are several errors assigned by the defendant that have not been discussed. After a careful consideration of these errors we hold that they possess some merit, but not sufficient merit to warrant a reversal of this case. The circumstances in this case are unusual, and the testimony shows that the suffering of the prosecutrix after the alleged intercourse was not altogether caused from the intercourse alleged to have taken place, but that the indications were that she had had a miscarriage. In view of the testimony in this case and the circumstances surrounding the alleged offense, and the condition of the prosecutrix when examined by the doctors, it appears that the punishment is excessive, and should be modified to a sentence of four years, and, as so modified, the judgment is affirmed.

EDWARDS and CHAPPELL, JJ., concur.