FRED HANNAN v. STATE.

No. A-4765. Opinion Filed Feb. 16, 1925.
(233 Pac. 249.)

(Syllabus.)

1. Intoxicating Liquors—Affidavit for Search Warrant Must State

**Facts, not Mere Conclusions.** It is insufficient for the issuance of a search warrant that an affiant or deponent shall swear, ever so positively, to the conclusion that liquor is stored or kept in violation of law in a described building, without affirmatively stating the facts upon which his knowledge is founded.

2. **Same—Facts Stated Must Be Incriminating and Such as Would Be Competent Evidence.** The facts stated in an affidavit for a search warrant should be of such nature and kind as might be competent for the consideration of a jury in a prosecution for possession of liquor in violation of law.

　　a. Facts should be shown indicative of an illegal purpose, as well as of possession.

3. **Same—Province of Magistrate.** To permit the party making the affidavit to deal in conclusions or ultimate facts, instead of requiring the facts to be stated by virtue of which the conclusion or ultimate fact is found, is delegating a judicial function to the affiant and substituting the affiant for the magistrate, leaving the latter a mere automaton, and his duties perfunctory.

Appeal from County Court, Comanche County; John Manning, Judge.

Fred Hannan was convicted of illegal possession of intoxicating liquor, and he appeals. Reversed.

Stevens & Cline, for plaintiff in error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, P. J. Plaintiff in error, Fred Hannan, defendant in the trial court, was convicted of the illegal possession of intoxicating liquor, with his punishment fixed by the jury at confinement in the county jail for a period of 30 days and to pay a fine of $50.

At the time of the alleged offense, as set out in the information, and for a number of years prior thereto, the defendant had been operating a hotel at 616-618 E avenue in the city of Lawton. Shortly before this time he had also been operating a hotel in an oil town, but had discontinued its operation, and, at the time of his arrest at

his hotel in Lawton, he had removed the furniture and furnishings of the other hotel into a large room of the Lawton Hotel, designed for a dining room, but not then in use as such.

On April 3, 1923, several peace officers, acting under authority of a "John Doe" search warrant, went to this hotel and searched the premises, where they found about 30 gallons of grape juice, recently made, in the process of fermentation in the basement. They also found three pint bottles, each containing whisky, under an ice box in the room where the furniture and furnishings of the other hotel were stored. Among these furnishings they also found a new copper coil, such as might be used as a part of a still or might be used as a coil for an ordinary water heater. There were no evidences of glasses, funnels, or bottles found on the premises, or any other evidence tending to indicate that this was a place where intoxicating liquor was dispensed or distributed.

The defendant admitted that the wine or grape juice found in the basement of the hotel belonged to him; admitted that he was making it, as was his custom each year, for his own personal use and not for sale. There was no proof as to the percentage of alcohol contained in this grape juice, or that it was intoxicating. There was no positive evidence that there was more than a quart of whisky in the three pint bottles in the storage room, and the defendant claims that he knew nothing about that liquor; that several guests at the hotel had access to this room; and that several of them from time to time had things in storage there. The officers who made the seizure at the hotel said that the three or four doors through which an entrance could be had to this room were all locked.

The defendant was well known to the officers and people of Lawton, having been engaged in the hotel business at the place described for a number of years. Beyond the

mere possession, there was no direct evidence of an intent to sell intoxicating liquor. The defendant claims that the "John Doe" search warrant was illegally issued; that the name "John Doe" was inserted in the affidavit supporting the search warrant and in the search warrant itself for the purpose of instituting a "fishing expedition" at this hotel—a scheme or device that would enable the officers to search, not only the property of the proprietor and his effects, but also the property and effects of the guests and others who might have lodging there.

What have been denominated "fishing expeditions" through the process of search and seizure have recently been condemned by the United States Supreme Court in the case of Federal Trade Commission v. P. Lorrillard Company, in an opinion written by Mr. Justice Holmes, 264 U. S. 298, 44 S. Ct. 336, 68 L. Ed. 696, 32 A. L. R. 786. If the name of the person whose property is to be searched be not known, it should be so stated, and, if possible, a description of the person should be given. United States v. Kaplan (D. C.) 286 F. 963.

The officers, in making the search pursuant to the terms of the search warrant in this case, did not disturb the guests at the hotel, or their effects. The defendant having suffered no injury in this regard, by reason of the warrant having been a "John Doe" warrant, had no cause for complaint on account of this defect.

The defendant complains further that the search warrant was illegal, and that the evidence obtained thereby was improperly admitted because the search warrant was issued upon an affidavit stating:

"* * * That intoxicating liquors are being kept by John Doe, and in the said John Doe's possession, in a certain building situated at 616-618 E avenue in the city of Lawton, county of Comanche, and state of Oklahoma, for the purpose and with the intent of the said John Doe to

sell the same in violation of the law, and for the purpose of committing a public offense."

Upon this affidavit the magistrate found that "there is probable cause for believing that liquors are being kept by John Doe in the building situated at 616-618 E avenue," for the purpose of selling the same contrary to law. The defendant's criticism of the affidavit for a search warrant is that it stated no facts showing probable cause; that the statements made were mere conclusions; and that the finding of probable cause by the magistrate is therefore not based upon facts, but upon conclusions of the person making the affidavit.

The finding of probable cause is a judicial function, to be exercised by a magistrate alone, and it cannot be delegated to the maker of the affidavit. To permit the party making the affidavit to deal in conclusions or ultimate facts, instead of requiring the facts to be stated, by virtue of which the conclusion or ultimate fact is found, is in fact delegating a judicial function to the affiant and substituting the affiant for the magistrate, leaving the latter a mere automaton, and his duties purely perfunctory. The statements set forth in the affidavit must be of facts and of the nature and concerning things which would make the same statement competent as evidence in court, as tending to prove the same ultimate facts.

The provisions of the Oklahoma Constitution relating to searches and seizures are almost identical with those contained in the Constitution of the United States, and, as was said by this court in Gore v. State, 24 Okla. Cr. 394, 218 P. 545, this court has endeavored to follow the construction given those provisions of the federal Constitution by the federal courts.

The case of Giles v. United States, decided by the Circuit Court of Appeals for the First Circuit, 284 F. 208, involved the validity of a search warrant, based upon an affidavit stating that one D. F. Giles was engaged in

the violation of the prohibitory law "by the illegal possession and unlawful sale of intoxicating liquor at the drug store of D. F. Giles on Main street, Concord, N. H., and at the Hotel Lenox, occupied by said D. F. Giles on said Main street, and in a garage of the said D. F. Giles, situated in the rear of the drug store above mentioned." The court held that the affidavit should state facts tending to establish the grounds of the application or probable cause for believing that they exist, and that the affidavit, above set out, stated conclusions merely, and was insufficient, and that the facts stated in the affidavit should be of such nature and kind as might be competent for the consideration of a jury in prosecution for possession of liquor in violation of law. In so holding the court said, among other things:

"No lawyer would have suggested and no judge would have permitted Lordan, testifying as a witness before a jury, to say that Giles was violating the National Prohibition Act by having illegal possession of intoxicating liquor at his drug store. He would have been required to state what he saw, or heard, or smelled, or tasted; that is, to give evidence on which the jury, under instructions of the court, could determine both as to the possession of liquor, as to whether it was intoxicating liquor, and as to whether possession of it was legal or illegal. The fact that Lordan's affidavit was not in form, on information and belief, and that he bravely swore that Giles had illegal possession of intoxicating liquor, does not make his statement legal evidence of facts. It is not enough that the form of this affidavit leaves it possible that the affiant *might* have personal knowledge as to the possession of intoxicating liquor and as to facts tending to show that such possession was illegal. It should have affirmatively appeared that he had personal knowledge of facts competent for a jury to consider, and the facts, and not his conclusion from the facts, should have been before the commissioner."

In United States v. Kaplan (D. C.) 286 F. 964, the court said:

"It is insufficient for the issuance of a search warrant that an affiant or deponent shall swear, ever so positively, to the conclusion that liquor is stored in violation of law in a described building, without affirmatively stating the facts upon which such knowledge is founded, the determination of whether or not the facts proven satisfy of the existence of the grounds of the application or that there is probable cause to believe their existence being a judicial question."

What has been said applies particularly to the latter part of the affidavit relating to the purpose for which the liquor was kept. Facts should be shown indicative of an illegal purpose, as well as of possession. Atlantic Food Products Corp. v. McClure (D. C.) 288 F. 982; United States v. Harnich (D. C.) 289 F. 256.

To keep in line with the federal decisions upon this point, it becomes necessary to hold that the affidavit in this case stated conclusions only, and was therefore insufficient to give the magistrate information upon which he could judicially find from specific facts that probable cause existed for the issuance of the warrant. The affidavit should have stated some fact or circumstance indicating that this was a place of public resort, in bad repute, where intoxicating liquors were consumed or sold; or some fact or circumstance indicating that persons went there to drink or to obtain liquor; or some other fact or facts indicative of the purpose of the defendant to violate the law.

At the trial there was some testimony tending to show that the place owned and managed by the defendant was a kind of rooming-house hotel, where transient lodgers and others came and left at will, and that it bore a bad reputation as a place where intoxicating liquor could be obtained. This brought it within the rule announced by this court in Glover v. State, 24 Okla. Cr. 227, 219 P. 725, where it was held that, in a prosecution for illegal possession of liquor, in a place of business or public resort, the reputation of the

place as being a place where intoxicating liquors were sold or dispensed might be shown.

Because of the conclusions reached that the affidavit for the search warrant to search defendant's hotel was insufficient, it will not be necessary to treat the other assignments of error urged by defendant.·

The judgment of the trial court is reversed.

DOYLE and EDWARDS, JJ., concur.