## J. SMITH v. STATE.

No. A-5467.    Opinion Filed April 25, 1925.
(235 Pac. 273.)

(Syllabus.)

1. **Appeal and Error—Statute Authorizing Appeal on Question of Law Reserved by State Constitutional.** There is no constitutional limitation in this state in conflict with our statute authorizing an appeal on a question of law reserved by the state, including cases in which the accused may have been acquitted or discharged.

2. **Intoxicating Liquors—Affidavit for Warrant to Search for Liquor Held Sufficient.** Affidavits for search warrants compared and distinguished.

3. **Searches and Seizures—Evidence Necessary to Show Probable Cause to Issue Search Warrant.** A search warrant must be based upon evidential facts, but the quantum of evidence necessary to show probable cause may be quite insufficient to support a verdict of guilty.

Appeal from County Court, Tulsa County; W. L. Coffey, Judge pro tem.

J. Smith was acquitted of having illegal possession of intoxicating liquor, and the state appeals upon a reserved question of law. Question decided in favor of the State.

John M. Goldesberry, Co. Atty., and the Attorney General, for the State.

R. M. Dick, for defendant in error.

BESSEY, P. J. This is an appeal by the state upon a

reserved question of law, as provided by section 2807, Compiled Oklahoma Statutes 1921, which provides that the state may appeal (1) upon a judgment for the defendant quashing or setting aside an information; (2) upon an order of the court arresting the judgment; and (3) upon a question reserved by the state. Appeals being of statutory origin, an appeal by the state cannot be taken in any case, except as above stated. The question of law reserved by the state herein arose in this wise:

The defendant in error, defendant in the trial court, was charged with the illegal possession of intoxicating liquor. The evidence tending to support the accusation was obtained by a search warrant issued upon the following affidavit:

"J. H. Smitherman, being first duly sworn upon oath deposes and says: That certain intoxicating liquor is being manufactured, sold, bartered, given away, and otherwise furnished, and is being kept for the purpose of being sold, bartered, given away, and otherwise furnished, in violation of the prohibitory law of the state of Oklahoma, the kind and description of said liquor being as follows, to wit: Wine, beer, whisky, and other intoxicating liquor, and imitations thereof and substitutes therefor, the exact quantity thereof being unknown to affiant. That said liquor is being disposed of and kept in the manner aforesaid by one John Doe, whose real name is unknown to informant, on the following described premises, situate in Tulsa county, Oklahoma, within said county and state, to wit: One certain one-story frame house located as follows: Fifth house east from coal chute in the West Tulsa Frisco yards, and north of Frisco railway, in the county of Tulsa, together with the curtilage thereof and appurtenances thereto. That said building is a private residence, and is used as a place of public resort, and for the storage and furnishing of intoxicating liquor."

In executing the search warrant predicated upon this affidavit, the officers at the house described found and seized three gallons of choc beer, which the defendant ac-

knowledged belonged to him. A sample of this beer was analyzed by a chemist and found to contain 5.6 per cent. of alcohol by volume. The affidavit and the search warrant were introduced in evidence to show the authority of the officers to make the seizure; also a sample of the liquor seized, and evidence concerning the incidents connected with the seizure.

At the close of the testimony the defendant made a motion to suppress the evidence obtained by means of the search warrant and to withdraw the same from the consideration of the jury, on the ground that the search and seizure were illegal, because the affidavit for the search warrant was insufficient, being a mere statement of conclusions, and not containing statements of fact sufficient to show probable cause for the issuance of the search warrant; that the search was therefore void, and that all evidence obtained thereby was incompetent and inadmissible.

This motion was by the court sustained and the evidence so obtained was withdrawn from the consideration of the jury. The defendant then moved that the jury be instructed to return a verdict of acquittal. This motion was likewise by the court sustained, and the jury was so instructed, and thereupon rendered its verdict of acquittal accordingly. From these rulings of the court, and from the verdict of acquittal, the state, through the county attorney, prayed and was granted an appeal upon the questions of law so reserved.

Since the defendant was acquitted by verdict of a jury, this case as to him is at an end. He was in jeopardy by being put on trial and having the issues submitted to and determined by a jury. In some jurisdictions, where a defendant in a criminal case has been so eliminated from the controversy, the state is powerless to appeal on a mere naked question of law. But that is because of some constitutional inhibition or limitation. State v. Kelsey (N.

D.) 190 N. W. 817; State v. Hazledahl, 2 N. D. 521, 52 N. W. 315, 16 L. R. A. 150. But there is no constitutional limitation in this state in conflict with our statute authorizing an appeal on a question of law reserved by the state, including cases where the accused may have been acquitted or discharged. State v. Frisbee, 8 Okla. Cr. 406, 127 P. 1091; State v. Rule, 11 Okla. Cr. 237, 144 P. 807; State v. Vaughn, 15 Okla. Cr. 187, 175 P. 731; State v. Tibbetts, 21 Okla. Cr. 158, 205 P. 776; State v. Robertson, 28 Okla. Cr. 234, 230 P. 932. In the Frisbee Case the first syllabus reads as follows:

"The state has a right to prosecute an appeal to this court upon any question of law reserved by the state during the trial of a criminal case. The fact that the defendant may have been acquitted and could not again be tried for the same offense will not in any way interfere with the right of the state to appeal and have the question so reserved settled."

In the instant case the trial court doubtless ordered the testimony obtained by means of the search warrant to be withdrawn from the consideration of the jury, and instructed the jury to bring in a verdict of acquittal on authority of the recent holdings of this court in the case of Hannan v. State, 29 Okla. Cr. 203, 233 P. 249. In the Hannan Case the affidavit upon which the search warrant was based was as follows:

"* * * That intoxicating liquors are being kept by John Doe, and in the said John Doe's possession, in a certain building situated at 616-618 E avenue in the city of Lawton, county of Comanche, and state of Oklahoma, for the purpose and with the intent of the said John Doe to sell the same in violation of the law, and for the purpose of committing a public offense."

Whether an affidavit for a search warrant states evidential facts or mere conclusions is sometimes difficult to determine. In this regard it seems to us that the affidavit in the Hannan Case is on one edge of the twilight zone,

and the affidavit here under consideration is on the other edge. It will be observed that the affidavit in the Hannan Case did not state that "John Doe" was a fictitious name, or that the real name of "John Doe" was unknown to the affiant. The affidavits did not describe or designate the kind of liquor. The statement that "intoxicating liquors are being kept" was a mere indefinite conclusion. The allegation that this undescribed person had this undescribed liquor for the purpose of illegal sale was likewise a conclusion. Neither did the affidavit state that the place described was occupied as a private residence and was a place of public resort, as required by section 7013, Comp. Stat. 1921.

Now let us see how the affidavit in the case here under consideration differs from the one in the Hannan Case. The affidavit in the instant case shows that "John Doe" was a fictitious name, and that the offender's real name was unknown-to affiant. It also states that the place described was a place of public resort, the fifth house (presumably a residence) east of the coal chute, and that it was a place where wine, beer, and whisky were being kept. All these statements, considered together, reasonably implied that the liquor described was being kept for an illegal purpose.

While we do not wish to hold that the affidavit in the case here under consideration is a model in form and substance, we do hold that there were some facts stated sufficient to warrant the magistrate in making a finding of probable cause. While a search warrant must be based upon evidentiary facts, the quantum of evidence necessary to show probable cause may be quite insufficient to support a verdict of guilty.

The two affidavits differ materially in three vital particulars: First, in naming and describing the persons; second, in naming and describing the intoxicating liquors;

and, third, in describing the character of the place where the liquors were being kept. In the Hannan Case nothing is stated but naked conclusions; in the instant case there are some facts stated designating the person in possession, the kind of liquor, and the character of the place where it was being kept.

Without receding from any of the conclusions announced in the Hannan Case, we hold that the court erred in this case in suppressing the evidence obtained by means of the search warrant, and erred in instructing the jury to render a verdict of acquittal.

DOYLE and EDWARDS, JJ., concur.