## LUM MULLUS v. STATE.

No. A-4949.  Opinion Filed Aug. 11, 1925.

Rehearing Denied Oct. 30, 1925.
(240 Pac. 135.)

Hulsey, Null & Hulsey, for plaintiff in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error will be referred to as defendant, as in the court below.

From a conviction upon a charge of having possession of intoxicating liquor with intent to sell, the defendant has appealed.

Numerous assignments of error are embodied in the petition in error but all are directed to the contention that the search warrant is invalid. It is first argued that the search warrant is invalid, for the reason that the affidavit upon which it is based states a mere legal conclusion, and no sufficient facts are contained in it sufficient to warrant the issuance of a search warrant, citing Gore v. State, 24 Okla. Cr. 394, 218 P. 545, and other cases in which the holding in that case is followed. This case comes more nearly within the rule of insufficiency announced in the case of Hannan v. State, 29 Okla. Cr. 203, 233 P. 249. But even under the rule in that case, as distinguished in the case of State v. Smith, 30 Okla. Cr. 144, 235 P. 273, the affidavit,

while subject to criticism, is sufficient to sustain the search warrant.

It is further contended by the defendant that, as no return was made on the search warrant as required by section 2886, Comp. St. 1921, that the search warrant was thereby rendered void. The statute was enacted for the purpose of placing a limit upon the time a search warrant might be executed after its issuance, since the condition of the place to be searched would be subject to change, and to prevent search on stale warrants. While the statute requires a return, yet if when the warrant is executed it is not void by reason of lapse of time, the failure to make return would not have a retroactive effect and make void a search that was valid at the time it was made. The mere negligence of the officer in making his return would not invalidate what was legally done under the search warrant, legal at the time of its execution. Viadock v. State, 30 Okla. Cr. 374, 236 P. 56.

There is no error apparent on the record which requires a reversal of this case, and it is affirmed.

BESSEY, P. J., and DOYLE, J., concur.