## JOHN ROE v. STATE.

No. A-5121.   Opinion Filed Oct. 24, 1925.
(240 Pac. 140.)

Avery & Burns, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

EDWARDS, J.   From a conviction in the county court

of Ottawa county on a charge of having possession of whisky with intent to violate the liquor law, the plaintiff in error, hereinafter called defendant, has appealed.

The record discloses that on the 29th day of December, 1923, certain officers of Ottawa county with a search warrant went to the place of residence of Ella Riggs, at which place the defendant resided. On reaching the premises, no one was found, and a copy of the search warrant was left at the house, a search made, and concealed in the chicken house 22 half pints of whisky and 2 pints of whisky and various empty containers were found. Later the same day the officers returned, the defendant and Ella Riggs were there, and upon the officers informing Ella Riggs that they must arrest her the defendant interposed and stated the whisky was his. The defendant did not take the stand.

It is first contended that the search warrant was issued upon an insufficient affidavit, and is a nullity, and evidence obtained by authority of such search warrant illegal. The search warrant and affidavit upon which it is based appear in the record, and, while the affidavit is subject to criticism, it is sufficient under the rule announced in the case of State v. Smith, 30 Okla. Cr. 144, 235 P. 273.

The second contention is that, even though the affidavit and search warrant be held valid, there was no sufficient service of the search warrant. The defendant offered the evidence of one witness, who testified that she lived next door to the premises in question, and did not see any search warrant posted on the door, and another witness, who testified that he saw the officers there at the time of the search, and did not see whether or not they left the search warrant on the door. However, the officers testified that they left a search warrant at the premises at the time they made search, and the return on the search warrant, made on the same day, recites the posting a certified copy of the war-

rant on the door. This positive testimony outweighs the negative testimony on this point offered by the defendant.

Upon a consideration of the entire case, it appears that the defendant was fairly tried, that the issues of law were fairly submitted, and that there is no prejudicial error in the record.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.