## ADA BLEVINS v. STATE.

No. A-6173. Opinion Filed Feb. 20, 1928.
(264 Pac. 634.)

H. T. Church, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted in the county court of Tulsa county, Okla., on a charge of unlawful possession of intoxicating liquor, and was sentenced to pay a fine of $50 and imprisonment in the county jail for a period of 30 days. Defendant prosecutes an appeal to this court for a review of the judgment and sentence, and alleges a number of errors committed by the trial court as grounds for a reversal of this case.

The testimony on behalf of the state shows that Ada Blevins and her husband resided in Sand Springs, Okla., that J. H. Smitherman, who was a deputy sheriff, had been watching their house and on one or more occasions had seen men and women come from the house, some of them in an intoxicated condition. Smitherman made the affidavit for a search warrant, which affidavit states positive facts as to the grounds for the search warrant; the house was searched and one quart of corn whisky was found and several bottles that witnesses designate as Choctaw beer were found. Staley Webb testified, in substance, to the same facts that witness J. H. Smitherman testified to. H. R. Rowe testified that

the chemical analysis showed that the Choctaw beer contained 6.9 per cent. of alcohol, measured by volume.

The defendant in her own behalf testified, in substance, that she was the wife of Charley Blevins; that on the 7th day of May, 1924, they lived at Sand Springs; that J. H. Smitherman on the 7th day of May, 1924, came to where she was living at Sand Springs, about 5:30 in the afternoon; that her husband was not at home; that there was only one man present at the house when the officers came, and he had been living with them for some time; that his name was Bennie, but she did not know his other name. that there were four women at her house; they were playing cards when the officers came; that she did have a quart of whisky in the house which a man by the name of Floyd had brought there and told her to give it to Blevins, her husband; that the whisky had only been in the house since about 3 o'clock the same afternoon the officers searched it; that it was corn whisky; that she probably had two gallons of choc beer; that her husband had made it; that the beer was made for them to drink, and they had not sold beer to any one.

The first error assigned by the defendant is as follows:

"(1)   That the court erred in overruling defendant's motion to suppress the evidence sought to be offered and introduced by the state, for the reason that the same had been obtained and procured by illegal search and seizure of the private residence and premises of the defendant, in violation of the defendant's constitutional rights against unlawful search and seizure, to which ruling of the court defendant duly excepted at the time."

It is strongly argued by the defendant that the affidavit did not state sufficient facts to give the court jurisdiction to issue the search warrant, and that by

reason of that fact the search and seizure was illegal. The affidavit for the search warrant states positively the facts necessary to be stated in the affidavit to give the court jurisdiction to issue the search warrant. At the hearing of defendant's motion to suppress and exclude the evidence secured under the search warrant, the testimony of Smitherman was taken, and, upon cross-examination, in reply to the following questions, gave the following answers:

"Q. What circumstances did you see there, Smitherman? A. I have seen people going to and from the place in a drunken condition.

"Q. How frequently did you see them going there? A. Every time I was over there to watch the place.

"Q. You obtained all these facts before you filed this affidavit? A. Certainly did.

"Q. They were matters of your own personal knowledge and not hearsay at the time you filed it? A. Yes, sir."

In support of defendant's motion to suppress, the defendant has cited a number of authorities, but, upon examination of them, we find the facts are not the same as in this case.

Under the laws of this state (section 1, c. 123, p. 144, Session Laws 1923-24)—

"The keeping in excess of one quart of any spirituous, vinous, fermented or malt liquors, or any imitation thereof, or substitute therefor; or any liquor or compounds of any kind or description whatsoever, whether medicated or not, which contains as much as one-half of one per cent. of alcohol, measured by volume, and which is capable of being used as a beverage," is "prima facie evidence of an intention to convey, sell or otherwise dispose of such liquors."

The motion of the defendant to suppress the testimony was properly overruled. There are other errors assigned by the defendant, but upon careful examination of the record we hold that the errors assigned did not prejudice the rights of the defendant. A careful examination of the evidence shows that it was sufficient to sustain the verdict and judgment. From a consideration of the whole case the guilt of the defendant is clearly proven. The punishment assessed by the jury in this case is the minimum.

There being no error prejudicial to the rights of the defendant, the judgment and sentence is affirmed.

DOYLE, P. J., and EDWARDS, J., concur.