## W. G. DOBBS v. STATE.

No. A-6169.   Opinion Filed March 28, 1928.
(265 Pac. 658.)

A. L. Herr, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was by information in the county court of Grady county charged with the offense of willfully and unlawfully having in his possession intoxicating liquor, to wit, 8½ gallons of whisky, with the unlawful and willful intent on the part of him, the said Dobbs, to barter, sell, and otherwise dispose of said liquor to other persons.

Defendant waived a jury and was tried by the court, convicted, and in accordance wih the conviction was sentenced to pay a fine of $350 and be confined in the county jail of Grady county for a period of 60 days; and that he be further confined in the said jail of Grady county until the fine and costs were paid. To the judgment and sentence the defendant duly excepted, and the case is here on appeal.

When the case was called for trial the defendant requested the court to allow him to take testimony as to the validity of the affidavits upon which the search warrant was issued, which request was granted. The testimony on behalf of the state is, in substance, as follows: Clint Munkus stated that he had lived in Chickasha for more than two years; that he was a deputy sheriff on the 18th day of December, 1925; that on said date he went down to Rush Springs; that he saw the defendant, W. G. Dobbs;

that he was at defendant's residence, and that he went on the inside of the residence; that he had a search warrant, and identified the search warrant; that the search warrant was delivered to him by Judge Moore; when the affidavit for the search warrant was offered as evidence, the defendant objected on the ground that the affidavit for the search warrant was wholly insufficient to authorize the issuance of the search warrant; that it stated no facts showing probable cause for believing intoxicating liquors were stored in or about defendant's residence, but stated mere conclusions, which objections were overruled and defendant duly excepted. Witness further stated:

"That I walked in and spoke and asked if he was Mr. Dobbs, and he said 'Yes,' and I told him who I was, and he said he knew me, and I said I had a search warrant for this place and started to take the search warrant out of my pocket, and he said, 'Go ahead, I know you are going to search the place anyway.' I told him I just wanted him to know I had the search warrant, and he said, 'Go ahead and search.' We found 8½ gallons of whisky. [The statement of the witness was objected to by the defendant and overruled, and exceptions duly saved.] We got 8½ gallons of whisky under the floor of his house; it seemed to be under what was used as a bedroom; my best recollection is there was three planks cut in two."

On cross-examination he could not call to memory the lot and block where the defendant was located.

Jim Bond was called as a witness and testified, in substance, to the same facts as Munkus. At the close of the state's testimony the defendant moved to strike the evidence relating to the finding of the liquor by witness Munkus and Bond; for the reason that the same was found under and by virtue of an insufficient warrant, and for the further reason that there is a total lack of testimony showing that the premises searched were the premises described in the search warrant.

The defendant has assigned six errors alleged to have been committed by the court in the trial of this case. They may be considered together as they all relate to the objections to the testimony introduced on behalf of the state, on the ground that the testimony was unlawfully procured by reason of a search warrant based on an affidavit, the allegations of which were insufficient to give the court jurisdiction to issue a search warrant, and to the overruling of defendant's motion for a new trial. The affidavit to obtain a search warrant in this case was made by Clint Munkus, and omitting the caption and indorsement, is as follows:

"That there is now located in the residence and on the premises of W. G. Dobbs, on lots 21 and 22, block 53, at Rush Springs, Grady county, Okla., and that such place is being used as a place of public resort and the storage and manufacture of quantities of malt, vinous, spirituous, and fermented liquors and imitations thereof and substitutes therefor, and that said liquors, imitations, and substitutes are kept for an unlawful purpose and to be disposed of in violation of the prohibition laws of the state of Oklahoma."

It is urged by the defendant that the language in the affidavit is insufficient upon which to base a search warrant. The statements in the affidavit upon which the search warrant is based were positive; whether the witness knew the facts he was testifying to when he made the affidavit is a question that need not be decided by this court. The defendant has cited the case of Hannan v. State, 29 Okla. Cr. 203, 233 P. 249. The affidavit in this case and the affidavit in the Hannan Case differ materially in their allegations: First, in the name and description of the intoxicating liquor; and third, in describing the place where intoxicating liquors were being kept.

In Smith v. State, 30 Okla. Cr. 134, 235 P. 273, this court held an affidavit sufficient where it was made in posi-

tive language as to the alleged violation of the laws. The statements in the affidavit being positive as to the alleged violation, we hold they are sufficient to give the court jurisdiction to issue a search warrant. The defendant's motion to suppress the evidence was properly overruled by the court. The evidence is sufficient to sustain the judgment and sentence.

From a careful examination of the entire record, we believe that the ends of justice would be properly met by a modification of this sentence from $350 fine and cost and 60 days in jail to a $100 fine and 30 days in jail. The judgment as so modified is affirmed.

DOYLE, P. J., concurs.

EDWARDS, J., not participating.