## ALICE JAMES v. STATE.

No. A-6522.  Opinion Filed May 25, 1929.
(277 Pac. 682.)

Carter & Murray, for plaintiff in error.

Roy O. Carver, Co. Atty., and Chas. B. Duffy, Asst. Co. Atty., for the State.

CHAPPELL, J.  The plaintiff in error, hereinafter called defendant, was convicted in the county court of Kay county on the charge of having possession of intoxicating liquor with intent to sell the same, and sentenced to pay a fine of $50 and be imprisoned in the county jail for a period of 30 days.

The first error complained of is that the court erred in overruling defendant's motion to suppress the evidence seized under the search warrant, for the reason that the affidavit for the search warrant was insufficient to authorize the issuance of a search warrant.  The charging part of the affidavit reads as follows:

wit: Lot 12, Block 32, the original town site of Tonkawa,

"Fred Long, being first duly sworn on oath, deposes and says: That as to the following described premises, to Kay County, Okla., the Main Rooms, Said premises being in the possession of the true name of the party unknown. That one J. E. Hurry told your informant that he was in the above described premises a very short time ago and he saw the lady who runs the place sell three pints of whisky to men that were there or came there. That several other persons whose names are not known to your informant at this time has told your informant that whisky was being sold and kept on the above described premises.

"Your affiant says further: That he is a peace officer of Kay county, has received numerous complaints from persons who go there or live in the neighborhood that the prohibitory laws of the State are being violated on the premises. The premises are a public place and conducted as a rooming house for the public. Your affiant says that: The general reputation of the place and premises in the community and neighborhood is that it is a place where intoxicating liquor is being kept, concealed and sold."

In the case of Ray v. State, 43 Okla. Cr. 1, 276 Pac. 785, this court said:

"An affidavit for a search warrant can be made on information and belief only when it sets out facts positively sworn to showing probable cause. * * *

"Where the affidavit and search warrant are sufficient on their face, the evidence obtained by the search is admissible, and the court will not permit the accused, after the warrant has been executed, to show that the statements in the affidavit are not true, or to raise any question as to the accuracy or source of the affiant's information or the means by which it was obtained."

Measured by the rule above stated, the affidavit in the case at bar was wholly insufficient to justify the issuance of a search warrant.

Fred Long, the officer making the affidavit in the case at bar, did not claim to know of his own personal knowledge any of the facts set out in the search warrant, but merely states that he has been told the facts by other persons, naming one of them. The affidavit should be made by some person who knows the facts and the facts should be stated in the affidavit. It would have been an easy matter to procure the affidavit of J. E. Hurry as to the sale of the three pints of whisky alleged in the affidavit. This affidavit of Hurry could have been attached to the affidavit of the officer. It is not required that the affidavit for the search warrant shall be in one document, but the charge made in the affidavit for search warrant may be supported by affidavit of other persons who know the facts in the case. The additional affidavit should be made before the search warrant is issued and should be attached to and made a part of the affidavit for the search warrant and filed with the magistrate before the search warrant is issued. The defendant having filed her timely motion to suppress the evidence, and the affidavit being insufficient on its face to support the issuance of the search warrant, it was error for the court to overrule the motion.

The evidence obtained under the search warrant being the only evidence in the case, and it being incompetent, it follows that the cause must be reversed.

Reversed and remanded, with instructions to dismiss the case.

EDWARDS, P. J., and DAVENPORT, J., concur.