## MINERVA MALONE v. STATE.

No. A-6979.   Opinion Filed September 21, 1929.
(281 Pac. 153.)

Glasco & Glasco, for plaintiff in error.

W. B. M. Mitchell, Co. Atty., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of McClain county on a charge of manufacturing intoxicating liquor, and her punishment fixed at a fine of $50 and imprisonment in the county jail for a period of 30 days.

The defendant complains that the court erred in admitting the evidence obtained by the search of her private residence, for the reason that the affidavit was insufficient to authorize the issuance of a search warrant. The affidavit, with indorsements, reads as follows:

"Complaint for Search Warrant for
Private Residence.

"State of Oklahoma, McClain County, ss.

"W. C. Cox of lawful age, being first duly sworn, deposes and says: That he has reasons to believe, and does believe, and that there is probable cause to believe, that intoxicating liquors are being sold, bartered, given away or otherwise furnished, or are kept for the purpose of selling, bartering, giving away or otherwise furnishing in violation of the laws of the state of Oklahoma, at lot 6 in block 185 of the city of Purcell, Oklahoma; that affiant's reasons for such belief are that A. G. Jennings told him that intoxicating liquors were being manufac-

tured, sold, bartered, given away or otherwise furnished in violation of the laws of the state of Oklahoma at the above named and described place, and that the place is the private residence of Minerva Malone and that the said private residence is being used as a place of public resort, and as a place for storing intoxicating liquors; and asks that a warrant be issued to W. C. Cox, under-sheriff of McClain county, state of Oklahoma, directing him to search said premises for any such liquors and to seize the same and do all things thereunder as is required by law.

"W. C. Cox.

"Subscribed and sworn to before me this 28 day of July, 1927.

"Geo. F. Johnson, Justice of the Peace."

Indorsed:

"Filed July 27, 1927, Geo. F. Johnson, Justice of the Peace, I have examined the within complaint and recommend that a warrant do issue.

"W. B. M. Mitchell, County Attorney."

The affidavit was wholly insufficient to authorize the issuance of a search warrant, and the evidence obtained by such search was inadmissible. Bayne v. State, 42 Okla. Cr. 81, 274 Pac. 694; James v. State, 43 Okla. Cr. 192, 277 Pac. 682.

There being no other evidence in the record except that obtained by the illegal search of defendant's premises, the cause is reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.