## DOC BOGGESS v. STATE.

No. A-9687.    Sept. 4, 1940.
(105 P. 2d 446.)

W. V. Stanfield and Bruno Mayer, both of Ada, for plaintiff in error.

No brief for the state.

DOYLE, P. J. The plaintiff in error prosecutes this appeal from a judgment of the county court of Pontotoc county sentencing him in accordance with the verdict of the jury to be confined in the county jail for 30 days and to pay a fine of $150 and all costs.

The information in substance charges that in said county on March 1, 1939, the defendant, Doc Boggess, did have in his possession 57 pints of whisky and gin, with the unlawful intent to sell the same.

The state relied for this conviction upon the testimony of Jim Rogers, Joe Porter, and Charley Shockley. Their testimony was to the effect that in executing a search warrant on the Seminole Cafe, in Fittstown, operated by the defendant, Doc Boggess, they found 57 pints of whisky and gin, secreted in the lower part of an icebox, that the upper compartments of the icebox contained beer and sodapop, the lower part had a trap door and the latch in the door was hidden.

Before entering upon the trial, the defendant filed a motion to suppress the evidence, on the ground that the evidence upon which said information was based was obtained by means of an illegal and void search warrant, issued upon an insufficient affidavit that does not allege facts and is not positive in form, and that said premises were not definitely described as required by law; that said search warrant was not served on the defendant as provided by law; and ffor the further reason that a part of the building searched was the private residence of the defendant; that for the reasons stated said search and seizure so made was in violation of the constitutional and statutory rights of the defendant.

The affidavit upon which the search warrant issued is in part as follows:

"Jim Rogers, being first duly sworn upon his oath deposes and states: That intoxicating liquors, to wit: Whisky, gin and alcohol in large quantities are being kept, stored and secreted for the purpose of being sold and disposed of in violation of law by, Doc Boggess and others unknown, on the following described premises, to wit:

"At Fittstown, in Pontotoc County, South of Ada, on State Highway No. 99, to Norris Avenue, in Fittstown, where it intersects said State Highway, thence East on said Norris Avenue to the first honky tonk, cafe, and dance hall, on the North side of said Norris Avenue, about one

city block east of said State Highway No. 99, said place being known as and called the Seminole Cafe, and being operated by said Doc Boggess and others to your affiant unknown."

And states facts as follows: That the proprietor of said place is Doc Boggess; that persons frequent said premises known to be users of intoxicating liquor; that many intoxicated persons are seen there; that the aforesaid premises are a place of public resort; that persons frequent said premises at all hours of the day and nighttime, and persons have been seen to come from within said premises in an intoxicated condition; that said premises bear the reputation of being a place where intoxicating liquors may be purchased.

"From which facts affiant sayeth that said liquors are being kept and stored on said premises, and that said liquors in and on said premises in the possession of said Doc Boggess and other persons in his employ, and are held for the purpose of selling the same in violation of the prohibitory liquor laws of the state of Oklahoma."

In support of the motion to suppress, the defendant testified that he lives in Fittstown, operating a place of business in a building between 50 and 80 feet long, having five rooms, the front room, cafe, with booths and tables, next kitchen and store room, and lives in the rear rooms, and has occupied the place for about four years; that the officers came there about sundown, but did not serve any search warrant on him; that he did not see the search warrant until the next day; that the officers found the liquor by going into the kitchen.

Cross-examined, he stated the front room was a big room, used as a cafe, with the kitchen right behind it; that in the front room was the icebox, with door on kitchen side, and the officers found the whisky in the icebox; that he was married on March 11th, but his wife was then

working there; that in the front room is a nickelodeon, but there is not much room to dance.

A. W. Oliver testified that he was justice of the peace and issued a search warrant on March 1, 1939. Identified defendant's exhibit "1" as the affidavit for the search warrant, and identified defendant's exhibit "2" as the search warrant.

On cross-examination he stated the affidavit was subscribed and sworn to by affiant, Jim Rogers, in his presence.

Jim Rogers testified that he is and was on March 1st a deputy sheriff of Pontotoc county. Handed affidavit, defendant's exhibit "1", stated that was his signature thereon. That he received the search warrant, defendant's exhibit "2", and executed the same by going to the Seminole Cafe, at Fittstown, accompanied by Joe Porter, Charley Shockley and the county attorney; that he asked if Doc was there, a woman said that she was in charge when Doc was not there, and he gave her a copy of the search warrant; that he had seen her there before; that in making the search he found Doc, and told him that he left the search warrant up in front for him, and Doc said "That was all right, we didn't need a search warrant."

On cross-examination he stated that he knew many intoxicated persons were seen there, that he knew that, as a fact, the premises bear the reputation of being a place where intoxicating liquors may be purchased; that before the liquor was found Doc said it was all right, they did not need a search warrant to search his place.

On re-direct examination he stated: "I can say I have taken drunks away from there."

Charley Shockley testified that as a deputy sheriff, accompanied by two other deputies, he went to Fittstown

to search Doc Boggess' place of business. That he searched the entire place; that he found the liquor in the icebox; that he went in the kitchen to get into the icebox; that he knew that Doc lived in the back there; that he would say that they were there about an hour before they found the liquor.

On cross-examination he stated:

"We got to discussing that icebox and decided that the inside part of it did not come down as deep as the outside, and we went back and took another look and found the liquor."

At the close of the evidence the court ruled: "Motion to suppress evidence overruled. Defendant excepts."

The defendant contends that the search warrant was void because the affidavit upon which it is based merely alleges conclusions, without stating facts sufficient to warrant the issuance of a search warrant. Citing many cases holding the search warrant void because based on affidavit, merely alleging conclusions without stating facts showing probable cause.

A reasonable and lawful search and seizure is provided for in the Constitution by means of a search warrant, supported by oath or affirmation, showing probable cause; all others are "unreasonable" and unlawful within the meaning of the constitutional provision. Const. art. 2, sec. 30, Okla. St. Ann.

The statute provides:

"No such warrant shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized." Section 2638, O. S. 1931, 37 Okla. St. Ann. § 87.

It has been repeatedly held by this court that a search warrant issued under this section of the Enforcement Act

may be lawfully issued only when based on verified complaint or affidavit, stating facts showing the probable cause, and affidavits made on information and belief, or merely alleging legal conclusions, are insufficient. Whitwell v. State, 65 Okla. Cr. 178, 83 P. 2d 881.

In the case of Smith v. State, 30 Okla. Cr. 144, 235 P. 273, this court held:

"A search warrant must be based upon evidential facts, but the quantum of evidence necessary to show probable cause may be quite insufficient to support a verdict of guilty."

In the opinion comparison is made between the affidavit in the case of Hannan v. State, 29 Okla. Cr. 203, 233 P. 249, and the affidavit under consideration in the Smith case:

"It also states that the place described was a place of public resort, the fifth house (presumably a residence) east of the coal chute, and that it was a place where wine, beer, and whisky were being kept. All these statements, considered together, reasonably implied that the liquor described was being kept for an illegal purpose."

In Mullus v. State, 32 Okla. Cr. 134, 240 P. 135, it is said:

"This case comes more nearly within the rule of insufficiency announced in the case of Hannan v. State 29 Okla. Cr. 203, 233 P. 249. But even under the rule in that case, as distinguished in the case of State v. Smith, 30 Okla. Cr. 144, 235 P. 273, the affidavit, while subject to criticism, is sufficient to sustain the search warrant."

In McHenry v. State, 61 Okla. Cr. 450, 69 P. 2d 90, cited in defendant's brief, this court held:

"A search warrant must not be issued except upon a showing of probable cause, supported by oath or affirmation, which must set forth the facts tending to establish

probable cause. Affidavit examined and held to comply with the statute."

In its opinion written by Judge Barefoot, the court said:

"We have examined the cases cited by defendant to support his contention that this case should be reversed. * * *

"A careful reading of these cases reveals that they are very different from the facts in the instant case. In those cases the affidavit is made upon information and belief. In the instant case the affidavit of the officer is not only positive, but it states the facts upon which his affidavit is based. It is not mere conclusions, as stated in defendant's brief, but the evidence of this officer shows that he had obtained direct information that the law was being violated in the most flagrant manner by the defendant, before he made the affidavit to secure the warrant for the purpose of searching defendant's premises."

It is well settled that where an affidavit is filed before a proper officer, positive in form, setting out facts justifying the issuance of a search warrant, the search warrant issued on such affidavit may not be rendered invalid by evidence attacking the truth of the statements in the affidavit, nor is the admissibility of the evidence obtained by such search warrant affected by proof that the facts therein positively stated were in reality stated upon information and belief. Cahill v. State, 38 Okla. Cr. 236, 260 P. 91.

A motion to suppress evidence secured by reason of a search of defendant's premises under a search warrant is properly overruled, where the affidavit to obtain a search warrant, and testimony of the witness making the affidavit for the search warrant, taken at the hearing of defendant's motion to suppress the evidence, show a substantial compliance with the statute defining the grounds

to be set forth in an affidavit to obtain a warrant. Blevins v. State, 39 Okla. Cr. 250, 264 P. 634; McCullough v. State, 39 Okla. Cr. 293, 264 P. 916.

In support of his motion to suppress the evidence, the defendant called as a witness the affiant, Jim Rogers, deputy sheriff, whose testimony is to the effect that the alleged facts as stated in the affidavit were based upon his personal knowledge, and that he had taken drunks away from the defendant's place.

Affiant also stated, as a fact within his personal knowledge, "that the said premises bears a reputation of being a place where intoxicating liquor may be purchased."

The rule that evidence of the general reputation of the place as being a place where intoxicating liquor is kept for sale may be established in a case where the defendant is charged with the unlawful possession of such liquor in such place, if such a place be one resorted to by the public for that purpose, is well established in this state. Friedman v. State, 19 Okla. Cr. 124, 198 P. 350; Bland v. State, 18 Okla. Cr. 514, 196 P. 732; Felas v. State, 16 Okla. Cr. 631, 185 P. 839; Caffee v. State, 11 Okla. Cr. 263, 145 P. 499; Wilkerson v. State, 9 Okla. Cr. 662, 132 P. 1120.

It is elementary that a search warrant must be based upon evidential facts, tending to establish probable cause.

The term "probable cause", as used in the Constitution (art. 2, sec. 30), relating to unreasonable searches and seizures, has been defined as follows:

"Probable cause * * * is the existence of such facts and circumstances as would excite an honest belief in a reasonable mind, acting on all the facts and circumstances within the knowledge of the magistrate that the charge made by the applicant for the warrant is true." State v.

Lawler, 221 Wis. 423, 267 N. W. 65, 70, 105 L. R. A. 568. And see 34 Words and Phrases, Perm. Ed.

Upon the record before us we find the affidavit was sufficient to show probable cause for the issuance of the search warrant.

Having held there was a lawful search and seizure, it follows that the evidence thus obtained was admissible, and the defendant's motion to suppress the same was properly overruled.

It also appears that the defendant was duly convicted of an offense of which he was unquestionably guilty, and we find that his constitutional and statutory rights have not been violated. The judgment of the county court of Pontotoc county herein is accordingly affirmed.

BAREFOOT and JONES, JJ., concur.