## J. C. HAYS v. STATE.

No. A-9790. Dec. 4, 1940.

(108 P. 2d 187.)

Harry C. Kirkendall, of Enid, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant, J. C. Hays, was by information filed in the county court of Garfield county on November 29, 1938, charged with the offense of possession of intoxicating liquor; was tried, convicted and sentenced to serve a term of 60 days in the county jail and pay a fine of $100 and costs, from which judgment and sentence he appeals to this court.

Eighteen assignments of error are set forth in the petition in error attached to the case-made filed herein. However, no brief has been filed in this cause; and when the same was set for oral argument, only the following propositions were urged by the defendant:

1. That the court erred in overruling defendant's motion to suppress the evidence for the reason that the affidavit for the search warrant was upon its face insufficient to authorize the issuance of a search warrant.

2. That the search warrant is insufficient on its face to authorize the search for the reason that it does not show that it was issued by a justice of the peace of Garfield county having jurisdiction to issue the same.

Under the first assignment of error it is contended that the search warrant was issued upon an insufficient affidavit and is a nullity, and evidence obtained by au-

thority of such search warrant illegal. The search warrant and affidavit upon which it is based appear in the record; and while the affidavit is subject to criticism, it is sufficient under the decisions of this court.

It is contended by the defendant that the affidavit was made on information and belief. Such statement is unquestionably correct as applied to the first paragraph in which are set forth the ultimate facts, the present and existing guilt of the defendant and the situation which the affiant believes to exist and to be revealed upon the issuance of a search warrant and the making of the search. The remainder of the affidavit, however, is not made upon information and belief. It is a positive statement under oath of the facts which constitute the basis of the conclusions stated in the first paragraph. It is entirely distinct from the first paragraph, and its allegations are not limited by any reference to the information and belief.

In Baker v. State, 28 Okla. Cr. 408, 231 P. 320, this court set out a model form of affidavit.

This court in the recent case of Boggess v. State, 70 Okla. Cr. 156, 105 P. 2d 446, held an affidavit similar in form to the one in question sufficient. In this case are reviewed the cases bearing upon this question. See, also, Smith v. State, 30 Okla. Cr. 144, 235 P. 273; Roe v. State, 32 Okla. Cr. 113, 240 P. 140; Dobbs v. State, 39 Okla. Cr. 376, 265 P. 658; Hayes v. State, 41 Okla. Cr. 302, 274 P. 41.

In Blair v. State, 55 Okla. Cr. 280, 29 P. 2d 998, this court upheld the sufficiency of an affidavit which is almost identical with the affidavit herein.

The defendant contends that since the search warrant reads as follows: "Whereas, Complaint has been made in writing, and upon oath before me, Judge of the Justice

Court, in and for Garfield County, Okla. * * *" that the same is not sufficient to show in what court it was filed, and the proceedings thereunder are a nullity.

This contention is highly technical and without merit. The justice of the peace signs the search warrant as follows:

"Given under my hand at Enid, Oklahoma, this the 19th day of November, 1938.

"(Signed) J. S. Jacobs
"Justice of the Peace."

Under section 3326, O. S. 1931, 39 Okla. St. Ann. § 492, the jurisdiction of justices of the peace are coextensive with that of the county. This search warrant is sufficient to show that it was issued by J. S. Jacobs, justice of the peace, operating at Enid, Okla. Of course, if the defendant could prove that there is no justice of the peace by the name of J. S. Jacobs, and that the search warrant is fictitious and a forgery, then his contention would be upheld. But under the state of the record before us, the trial court did not err in overruling the defendant on this point.

Finding no error of sufficient importance to require reversal, the judgment of the county court of Garfield county is hereby affirmed.

BAREFOOT, J., concurs. DOYLE, P. J., not participating.