# COY LEE ROW v. STATE.

No. A.-10816.    Dec. 31, 1947.

(188 P. 2d 395.)

W. O. Moffett, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Dixie Gilmer, Co. Atty., of Tulsa, for defendant in error.

BAREFOOT, P. J.  Coy Lee Row was charged in the court of common pleas, Tulsa county, with the offense of possession of intoxicating liquor with intent to sell; waived a jury and was tried to the court, found guilty and his punishment fixed at a fine of $100 and 60 days in the county jail and he has appealed.

Defendant was charged with having possession of four one-fifths gallons of gin, and one one-fifth gallon of whisky. Two deputies from the office of the sheriff were the only

witnesses. They testified to finding the liquor in the apartment of the defendant.

When the case came on for trial the defendant was permitted to withdraw his plea of not guilty, previously made, whereupon he filed a motion to suppress the evidence. Testimony of one of the deputies making the search was offered. The motion was overruled and defendant again entered his plea of guilty, and the case was tried to the court, with the result above indicated.

For a reversal of this case, defendant contends that the affidavit upon which the search warrant issued was wholly insufficient; that it was on a printed form, and did not set forth any facts upon which search warrant should issue for a private residence.

The affidavit was introduced at the hearing on the motion to suppress. The mere fact that the affidavit was on a printed form does not render it insufficient, where, as in this instance, it is stated in clear and positive terms that intoxicating liquor is being sold, bartered, given away and otherwise furnished in violation of the prohibitory laws of the State of Oklahoma, at "a certain apartment numbered 3 of a two-story frame building dwelling located at 1319 south Denver Street, in the city of Tulsa, county of Tulsa, Oklahoma," etc. The affidavit was properly sworn to by one of the officers making the search. We are of the opinion that the affidavit was sufficient to warrant the issuance of the search warrant. Smith v. State, 30 Okla. Cr. 144, 235 P. 273; Hays v. State, 71 Okla. Cr. 62, 108 P. 2d 186, 187; Hudgens v. State, 74 Okla. Cr. 56, 122 P. 2d 815.

Defendant further contends that the description of the premises to be searched was insufficient, and in sup-

port of this proposition quotes the testimony of one of the officers.

The officer testified that at the time he procured the search warrant he did not know who lived in the apartment described. When asked if he had any trouble in locating the apartment, Number 3, at the address shown in the search warrant, the officer testified that he did not; then admitted that he asked a woman on the first floor of the. apartment house where Number 3 was located. He further testified that there were three apartments in the building, two on the lower floor, and one, Number 3, upstairs. This does not, in our opinion, indicate that the officer could not have located the apartment upon the information set out in the search warrant, and we think the description was sufficient. Mitchell v. State, 43 Okla. Cr. 63, 277 P. 260; Hughes v. State, 83 Okla. Cr. 16, 172 P. 2d 435.

Finding no error, the judgment of the court of common pleas of Tulsa county is affirmed.

JONES and BRETT, JJ., concur.