## BAKER v. STATE.

No. A-11229.   Sept. 20, 1950.

(222 P. 2d 525.)

Irvine E. Ungerman and Charles A. Whitebook, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J. Plaintiff in error, Willard Baker, hereinafter referred to as defendant, was charged by informa-

tion filed in the court of common pleas of Tulsa county, with the crime of unlawful possession of intoxicating liquor, a jury was waived, and thereafter a motion to suppress was filed. The defendant did not testify but offered the evidence of one witness and being the officer who signed the affidavit for search warrant. The state used one witness. Thereafter the court overruled the motion to suppress, whereupon the parties stipulated that the liquor was seized in Tulsa county, Oklahoma, and that the evidence introduced on hearing of motion to suppress might be considered by the court as the evidence in chief of the trial of the case on behalf of the state, and that the defendant would offer no further testimony.

Thereafter the court gave further consideration to the evidence and found the defendant guilty as charged and assessed his punishment at a fine of $100, and 30 days in jail. Appeal has been duly perfected to this court.

The defendant argues at great length that the trial court erred in overruling defendant's motion to suppress the evidence, and as to the sufficiency of the evidence.

First, the premises were described as a one-story frame combination garage and a one-story frame barn located on: the southeast quarter of the northeast quarter of the southeast quarter of section 28, township 20 north, range 13 east, Tulsa county, Oklahoma. The plot of land was a definite ten acres and definite structures to search were set out. The defendant questioned Deputy Sheriff Whisenhunt concerning whether or not he located the buildings to be searched from the description given in the search warrant based on the affidavit, and he stated that he knew the two buildings and was familiar with them and got the legal description from the

assessor; that he only searched the garage and found 98 cases of tax-paid liquor there; that there was no one at the garage when he got there so he tacked a copy of the search warrant on the door; that before he left the defendant Baker arrived. We conclude that the description was definite and certain and sufficient for the issuance of the warrant.

The search warrant and affidavit upon which it is based appear in the record, and, while the affidavit may have been a stock form as charged in the brief, though we do not find any evidence to that effect, and while it is subject to criticism, be that as it may, it is sufficient under the rule announced in the case of Smith v. State, 30 Okla. Cr. 144, 235 P. 273, 162 A.L.R. 1414, and approved in a long line of cases, including McCarthy v. State, 86 Okla. Cr. 51, 189 P. 2d 436. There it was held:

"A search warrant must be based upon evidential facts, but the quantum of evidence necessary to show probable cause may be quite insufficient to support a verdict of guilty."

In the within case the deputy sheriff swore positively that intoxicating liquors described as wine, whisky, beer and other spirituous, fermented and malt liquors, together with certain fixtures and furniture consisting of bars, glasses, jugs, containers, etc., and used in keeping a place of business where intoxicating liquors are willfully and unlawfully sold and stored, and that the party is engaged in the business of keeping a place where intoxicating liquors are sold, stored, given away and otherwise furnished on described premises; that the described premises is a place of public resort.

The affidavit was not made on information and belief, and by reason of the above cases, and the cases there-

in cited, we hold that the affidavit in question was sufficient to justify issuance of the warrant.

Roy Rains, deputy sheriff, testified that he accompanied Deputy Whisenhunt on the search in question and that they only searched the combination garage; that they found 93½ cases of whisky, that through error they first listed it as 98½ cases. He further testified that there was a nearby house that was located on the lands described but for which they had no search warrant, and that the lady there told them that Willard Baker, the defendant, had the garage; that Baker was not present and they nailed a copy of the search warrant on the door of the garage leading to the north compartment; that before they left and while they were loading the whisky, Mr. and Mrs. Willard Baker arrived and witness pointed to the posted copy of the search warrant; that defendant admitted that the whisky belonged to him, and the officers placed defendant under arrest. Witness further testified that he observed the premises before he went on the search and that he checked the county tax assessor's records for the legal description of the property, and they searched only one of the two buildings described in the affidavit and warrant.

Defendant introduced no testimony to controvert the evidence of the two officers.

Finding no material error, the case is affirmed.

JONES, P. J., and BRETT, J., concur.