## WALTRIP v. STATE.

No. A-11842.   Dec. 2, 1953.

(264 P. 2d 364.)

Elmore A. Page, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., and Lewis J. Bicking, County Atty., Tulsa County, Tulsa, for defendant in error.

POWELL, P. J. H. L. (Reno) Waltrip was charged by information in the district court of Tulsa county with unlawful possession of intoxicating liquor, second offense. A jury was waived and the defendant was tried before the court, found guilty and penalty was imposed by the court of a fine of $500 and imprisonment of 30 days in the county jail.

Only one question is presented, and that simply being whether the evidence was sufficient to sustain the conviction.

The state used but one witness, Roy Bradshaw, a deputy sheriff. He testified to searching a Chrysler coupe parked on the Fritz Dodge Oil Company lot in Tulsa. He had a search warrant. He did not see the defendant around the car, and had not seen the defendant later than ten days prior to the search. He first searched the front of the car, and then went to an apartment house at 112 South Denver Street, Tulsa, where he had previously raided the defendant for liquor. Neither the defendant nor his wife was at this place, but witness secured a key from some third person at the apartment, returned to the parking lot, and unlocked the turtleback with the key some unidentified person gave him. He found a quantity of tax-paid liquor as the result of the search.

On cross-examination the officer admitted that the car was a DeSoto, rather than a Chrysler, and that he never did check with the state motor vehicle department to determine the ownership of the car. The defendant had never claimed it. His only basis for charging the defendant was that he thought he saw him driving this car some ten days previous to the search, and the fact that he obtained the key that fit the turtleback from someone in the north ground floor apartment at 112 South Denver street, which he searched by authority of the warrant as defendant's apartment; that he got the key from a person living on the north side of the ground floor who was not identified. He testified that he could not swear that either the coupe or the whiskey belonged to the defendant, but that he just assumed such to be the fact from what has been stated.

Counsel interposed a demurrer on behalf of the defendant at the close of the testimony of the officer, but the same was overruled. Thereupon the defendant testified and denied ownership of the coupe in question, and of the liquor, and denied driving it in the parking lot in question. He swore that at the time the officers searched the apartment house at 112 South Denver he did not live in the north apartment on the ground floor, but in the south apartment; that at the time of the search he was out of town looking after some cattle that he had purchased at a sale in Hominy; that he had sold out his whiskey business to one Dale Williams. He stated that he usually parked from one to four cars at a time in the parking lot where the search was made, as he bought and sold secondhand cars, and he paid rental by the month. He stated that he personally drove a '50 Ford and a pick-up truck. He swore that he had never driven any car that was a Chrysler product except a '29 Chrysler at one time.

At the preliminary examination the state had used one I. P. Mercer, the attendant at the parking yard where the DeSoto was searched, but it appears that he had moved to the State of New York at the time of the trial, so the defendant was granted permission to have the testimony given at the preliminary read to the court. The witness stated that when the officers appeared they asked him if he knew who the DeSoto coupe belonged to and he told them that he thought it belonged to Reno [Waltrip] but he stated that he did not see the defendant drive it in and had never seen him around it and that it had been parked next to the fence for several days. He stated that the defendant rented parking space by the month and parked from one to four cars there, and would leave the keys at the office for such cars as had to be moved. He further stated that fifteen to eighteen persons parked cars in the lot. Witness stated that defendant drove a Ford.

Counsel for defendant thus concluded his defense and the court announced that he found the defendant guilty. Motion for new trial was dictated and overruled, and sentence thereafter interposed.

The Attorney General has been unable to defend the record, and has not filed a brief, which amounts to a confession of error.

This court does not weigh the evidence, and where there is any competent evidence to support the judgment of the court, absent other error, will not reverse a case by reason of the contention that the evidence is insufficient. But here, while the defendant is an admitted bootlegger, and though he admitted that he had been convicted a number of times for liquor law violations, and whereas from the circumstances there is a merited suspicion that he had the liquor stored in the DeSoto car; a suspicion, no matter how well founded, cannot form the basis for the issuance of a search warrant or support a charge against a person informed against for crime. Malone v. State, 44 Okla. Cr. 330, 281 P. 153; Skelton v. State, 67 Okla. Cr. 215, 93 P. 2d 543; Mullus v. State, 32 Okla. Cr. 134, 240 P. 135. And likewise, even where the liquor may have been obtained

by authority of a search warrant, the evidence on behalf of the state which only raises a suspicion that the liquor was possessed by the accused, is insufficient to support a conviction. Owens v. State, 11 Okla. Cr. 113, 143 P. 204. Here the only witness for the state testified that he could not swear that the liquor found in the DeSoto coupe had ever been in the possession of the accused, or was his property. He charged this because he had seen him driving the coupe some ten days previously. He was unable to show that the coupe was the property of the defendant, or that he actually placed it in the parking yard. While this court has held that a conviction may be had on circumstantial evidence when all the circumstances proven are consistent with each other and with the hypothesis that defendant is guilty, and inconsistent with every other rational hypothesis, Wininegar v. State, 97 Okla. Cr. 64, 257 P. 2d 526, contrariwise, where the record discloses that the evidence of the state is insufficient to meet these requirements, the case will be reversed.

By reason of the insufficiency of the evidence, the judgment of the district court of Tulsa County is reversed.

JONES and BRETT, JJ., concur.